COLUMBIA BREWERY COMPANY, Appellant, v. ROHLING and MENKE, Respondents.

### St. Louis Court of Appeals, October 6, 1908.

WITNESSES: One Party Dead: Agency. In an action on a promissory note in favor of a corporation, the defendants, makers of the note, were not competent witnesses to testify to a settlement whereby the indebtedness represented by the note was cancelled, where it was shown that the agent of the corporation, who negotiated the settlement and made the contract cancelling the indebtedness, was dead at the time of the trial.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald,* Judge.

REVERSED AND REMANDED.

*Chas. Fensky* for appellant.

*Muench, Walther & Muench* for respondents.

NORTONI, J.—This is a suit on a promissory note. It originated before a justice of the peace in the city of St. Louis, and found its way into the circuit court. The finding and judgment were for the defendants. Plaintiff prosecutes the appeal.

The evidence tended to prove that the defendants were partners conducting a dramshop and grocery store in the city of St. Louis. On November 14, 1896, they borrowed from the plaintiff brewery company, the sum of $300, for which they executed their joint promissory note, payable on demand, with interest at the rate of six per cent. They continued the saloon and grocery business about a year thereafter, at which time it appears the plaintiff brewery company, by its agent, one Harry Lange, induced them to dissolve the partnership, as the business was insufficient to support two families. The defendant Rohling retired from the business and the same was continued by defendant, Menke, his half-

brother.   It appears the plaintiff brewery company was in some manner interested in the saloon before and after the partnership was dissolved.   The saloon sold plaintiff's brew of beer.   One Harry Lange was the agent of the brewery company.   He looked after their collections and adjusted the brewery company's business affairs with its customers in that section of the city.   The defense interposed to the note is that it was settled by an arrangement between the defendants and Lange, the plaintiff's agent, as follows: that Rohling retired from the saloon and turned the business over to his half-brother, Menke, at the instance and request of Lange, who represented the Columbia Brewery Company, in an arrangement, whereby the brewery company paid to him $200 and cancelled his portion of the indebtedness represented by the $300 note in suit.   Defendant Menke continued the business for several months and finally, at the instance of the brewery's agent, Lange, executed a deed of trust to a representative of the company for the benefit of the plaintiff.   Menke continued the business for about three months after this deed of trust was executed, when, at the request of Lange, he surrendered possession and turned over the entire business, fixtures, etc., to another patron of the plaintiff brewery company.   The evidence tends to prove that in consideration of the surrender of the business and turning over possession thereof to another customer of the brewery, Lange, the brewery's agent, agreed to cancel Menke's indebtedness represented by the note and all other indebtedness which he then owed the brewery company. It appears that Lange, the agent of the brewery company, departed this life prior to the suit and the testimony of both defendants with respect to the contracts with him, whereby they insist the indebtedness was cancelled, was received by the court over the objection and exception of the plaintiff.   Plaintiff's counsel objected on the ground that Lange is dead, and it was therefore

incompetent for the defendants to testify as to the two separate contracts had with him concerning the payment or cancellation of the note in suit. This evidence was incompetent under the provisions of section 4652, Revised Statutes 1899, and should have been excluded by the court. It is true the deceased agent, Lange, was not an original party to the contract or cause of action, within the strict letter of the statute. He was the contracting agent, however, and therefore falls within the terms of the statute as construed by our Supreme Court. "A party to a contract," as the term is used in the statute, when considered with reference to the contract of a corporation, means the person who negotiated the contract rather than the corporation in whose name and interest it was negotiated. [Banking House v. Rood, 132 Mo. 256, 33 S. W. 816; Southern Com. Sav. Bank v. Slattery, 166 Mo. 620, 66 S. W. 1066.] Under the statute excluding the surviving party to a contract from testifying after the death of the other party, the rule is, the death of the contracting agent operates to exclude the surviving party who contracted with him. See the following cases in point: Williams v. Edwards, 94 Mo. 447, 7 S. W. 429; Sidway v. Mo. Land, etc., Co., 163 Mo. 342, 63 S. W. 705; Southern Com. Sav. Bank v. Slattery, 166 Mo. 620; Banking House v. Rood, 132 Mo. 256; Central Bank v. Thayer, 184 Mo. 61, 82 S. W. 142; Nichols v. Jones, 32 Mo. App. 657; McCormick Harvester Company v. Heath, 65 Mo. App. 461; Nelson v. Railroad, 66 Mo. App. 647; Winter v. K. of P., 96 Mo. App. 1, 69 S. W. 662; 30 Am. and Eng. Ency. Law (2 Ed.), 1049, 1050.

Plaintiff's agent, Lange, whom it is alleged negotiated the settlements and contracted to cancel the defendant's indebtedness, being dead, the court erred in permitting the defendants to testify touching the contracts and settlements with him over the objection and exception of the plaintiff. This error was highly pre-

judicial.    The judgment will be reversed and the cause remanded.    It is so ordered.    *Bland, P. J.,* and *Goode, J.,* concur.