## SARAH J. SNYDER, Appellant, v. JOHN W. PATRICK, Administrator, Respondent.

**Kansas City Court of Appeals, January 5, 1914.**

1. **WITNESSES: Competency: Deceased Party: Agent.** Although one party to a cause of action is dead, yet if the contract was made with an agent who made the contract for him that agent is a competent witness.

2. ————: **Demurrer to Evidence: Witness: Competency.** In
passing upon the propriety of a demurrer to testimony for a
plaintiff on the ground that the witness for him was incom-
petent under the statute disqualifying one party where the
other is dead, that witness' testimony tending to prove that
he made the contract in suit as deceased's agent, must be ac-
cepted as true.

Appeal from Cass Circuit Court.—*Hon. A. A.
Whitsett*, Judge.

REVERSED AND REMANDED.

*W. D. Summers* and *W. L. McSpadden* for appel-
lant.

*T. N. Haynes* and *J. S. Brierly* for respondent.

ELLISON, P. J.—This action was begun in the
probate court of Cass county on a claim against the
estate of Grant Fulton, deceased. On appeal to the
circuit court a demurrer to the evidence was offered
by the executor and sustained by the court.

The demurrer was sustained on the ground of in-
competency of witnesses testifying for plaintiff. These
were herself and her son Fred Snyder. It appeared
the deceased was plaintiff's uncle, her mother being
deceased's sister. Their father died and this plaintiff,
his granddaughter, became the owner of forty acres
of his landed estate. But her husband being an im-
provident man of uncertain habits, she had the title
put in the name of her minor son Fred, so as to make
certain the husband would not get it from her. It
further appears that deceased had charge of his fa-
ther's business and managed and controlled his lands
and that he continued this management and control
over the forty which came to plaintiff. That he col-
lected the rents and profits for several years without
accounting to plaintiff or her son. Finally he sold the

forty to one Kircher and gave him a bond for a deed, taking to himself the purchase price. At about this time maybe before, plaintiff's son Fred, being merely a trustee for her, and having arrived at his majority, deeded the land to his mother. Deceased binding himself under the necessity of getting a title for Kircher as agreed in his bond, went to Fred, with whom he was on close terms, and engaged him, as his agent, to go to his mother and make an agreement with her that he, deceased, would account to her for the back rents and profits he had received and would deed her an equal number of acres if she would deed to him, deceased, or Kircher her land which he had sold to Kircher. Plaintiff agreed to this proposal and Fred so reported to deceased; and plaintiff afterwards made the deed as agreed. Fred, having once had the title, in order to satisfy Kircher, made a quitclaim to him before plaintiff deeded. It further appears that deceased afterwards conveyed two small tracts to plaintiff in partial performance of his contract; one of thirteen acres and the other of seven. After stating the value of the land conveyed to Kircher by plaintiff and the value of the rents and profits retained by deceased and crediting the value of these small tracts, the claim in suit is for the balance.

The statement which we have made is sufficiently full to make clear our conclusions. To justify the demurrer, Fred must have been an incompetent witness; for if he is to be believed plaintiff is entitled to recover. His competency is insisted upon on the ground that he was deceased's agent and whether he was or not must be determined from his testimony in deciding whether the demurrer was properly given; and from that it is clear he was competent. He states that he had no interest in the matter—was not acting for himself or his mother—but that defendant came to him and engaged him to make the contract (as above outlined) as his agent and that he did so. The contract

of a deceased person if made through a living agent, prevents the disqualification ordinarily obtaining where one party is dead. The reason for the rule has ceased. In this case the principal to the contract is dead, but his agent who made the contract for him is not. [Dewein v. Hooss, 237 Mo. 23, 38, 39; Southern Com. Bk. v. Slattery, 166 Mo. 620; Ford v. McClain, 164 Mo. App. 174; Brewery Co. v. Rohling, 133 Mo. App. 65.]

Defendant makes an effort to show that the testimony tending to prove Fred to be deceased's agent should not be believed. But on demurrer we should not consider that question.

The judgment is reversed and cause remanded. All concur.