William Paul YOUNG and Marian L. Young, Respondents,

v.

George R. RAUPP and Gladys E. Raupp, d/b/a Raupp Realty Company, Appellants.

No. 22591.

Kansas City Court of Appeals.

Missouri.

Oct. 7, 1957.

Jack G. Beamer, Stubbs, McKenzie, Williams & Merrick, Kansas City, for appellants.

James L. McMullin, Kansas City, for respondents.

MAUGHMER, Commissioner.

This lawsuit arose from the alleged breach of a real estate sales contract under which plaintiffs agreed to buy and defendants Raupp agreed to sell to them a certain vacant building lot. The trial court, sitting without a jury, found for plaintiffs and entered a general judgment against the defendants George R. and Gladys E. Raupp, d/b/a Raupp Realty Company, in the amount of $500. From that judgment those defendants prosecute this appeal.

The petition was in two counts. Count 1, against the Raupps, prayed for specific performance of the written contract and in addition claimed both actual and punitive damages. In Count 2, plaintiffs alleged that the Raupps and Mr. and Mrs. Cauthon, who were named defendants as to Count 2, conspired to breach the contract and defraud the plaintiffs.

Actually this appeal involves only Count 1 and the defendants Raupp. Count 2 and the Cauthons are mentioned only for the purpose of showing briefly but in its entirety, the course of this litigation.

On June 27, 1956, the trial court heard the evidence and on July 5, 1956, entered a general judgment for $500 in favor of plaintiffs and against defendants Raupp. That judgment failed to specify upon which count it was entered. Moreover, the Cauthons were still named parties to the litiga-

tion and there had been no final disposition as to them. Nevertheless, the defendants Raupp appealed to the Supreme Court of Missouri. That court transferred to the Kansas City Court of Appeals, where Cave, J., for this court (Young v. Raupp, 301 S.W.2d 873), held that no complete and final judgment had been entered in the trial court and dismissed the appeal.

Thereafter the trial court sustained a motion to dismiss Count 2 and entered a general judgment under Count 1, again for $500, and again the defendants Raupp have appealed. The parties stipulated and this court consented that the transcript, exhibits and briefs filed in the first appeal should be considered as submitted in this appeal.

The evidence showed and it is conceded that on August 10, 1954, plaintiffs and defendants duly executed a written contract whereby plaintiffs agreed to buy and defendants agreed to sell to them a certain vacant building lot. The total stated consideration was $1,800, and a down payment of $300 was made. Shortly thereafter, defendants sold and conveyed this particular lot to Mr. and Mrs. Cauthon. The $300 part payment was never returned to plaintiffs although defendants offered to return it. The transcript shows that the contract itself was marked as an exhibit and received in evidence, but it was not filed in this court.

Defendants concede that plaintiffs should recover the $300 down payment, but assert there was no evidence of any further damages. Plaintiffs have not favored us with a brief. Plaintiffs offered no evidence as to the value of the real estate. Therefore, if this judgment, or that part of it in excess of $300 is to stand, it must rest upon special damages, properly pleaded and proved.

■ Usually in this type of case the measure of damages is ascertained by determining what sum equals the difference between the unpaid part of the agreed pur-

chase price and the market value of the land. Wilt v. Waterfield, Mo., 273 S.W.2d 290, loc. cit. 296; Williston on Contracts, Vol. 5, page 3906, Section 1399. However, in this particular case plaintiffs sought to prove the amount of their damages by other methods. The testimony showed that plaintiffs had sold the residence where they lived to the State of Missouri. Mr. Young testified that he planned to move some shrubs to the Raupp lot, but was unable to do so as defendants defaulted on the sale and as a result he had to move the shrubs in hot weather and lost a weeping-willow tree and two cedars which he said were worth $100 each.

■ Defendants contend that special damages are not recoverable unless knowledge of the special circumstances was conveyed to the person who breaks the contract and unless specially pleaded. We do not disagree with this statement of the rule. In W. C. Hardesty Co. v. Schaefer, Mo.App., 139 S.W.2d 1031, loc. cit. 1035, the St. Louis Court of Appeals phrased it this way: "The rule as laid down in Hadley v. Baxendale, 9 Exch. 341, 26 Eng. L. & Eq. 398, to govern the award of damages for breach of contract which has been generally accepted both in England and America is, first, that damages which may fairly and reasonably be considered as naturally arising from a breach of contract, according to the ususal course of things, are always recoverable; and, second, that damages which would not arise in the usual course of things from a breach of the contract, but which do arise from circumstances peculiar to the special care, are not recoverable unless the special circumstances are known or have been communicated to the person who breaks the contract". See, also, cases cited therein.

■ However, in our case plaintiffs' petition alleged the damage to their shrubbery as a result of their inability to transplant to the purchased real estate at the time planned. The plaintiff, Mr. Young, also testified that he told defendant Raupp

 

when the sales contract was entered into that he "was very much interested in buying a lot fast so I could move my shrubbery in the winter months so they would live". It seems, therefore, that the special damages in this regard were pleaded and there was evidence that the circumstances were reported to Mr. Raupp at the time the contract was entered into.

This case was tried by the Court and without a jury. The trial court heard the evidence and saw the witnesses. We believe that plaintiffs' pleading and evidence meet the technical requirements for special damages. We cannot say the trial court erred in fixing the total amount of damages at $500. The judgment should be affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the court. The judgment is affirmed.

All concur.