Dale L. DUNCAN and Betty R. Duncan,
Plaintiffs-Respondents,
v.
Mildred TOWNSEND, Defendant-Appellant.
No. 22932.

Kansas City Court of Appeals.
Missouri.
May 4, 1959.

**68**

Albert Thomson, Robert Coatsworth, Kansas City, Davis, Thomson, Van Dyke & Fairchild, Kansas City, of counsel, for appellant.

W. F. Woodruff, Lucian Lane, Woodruff & Lane, Kansas City, for respondents.

CAVE, Presiding Judge.

This is an appeal from a verdict and judgment in favor of the plaintiffs and against the defendant in the amount of $2,500 as damages for alleged breach of a written contract to purchase a certain house and lot owned by the plaintiffs. Motion for new trial was overruled, and defendant perfected her appeal.

The petition alleges that on June 16, 1956, plaintiffs were the owners of a certain described house and lot; that on that date, the defendant made an offer in writing to purchase the property for $25,000; that on June 19th, plaintiffs and defendant entered into a written contract wherein the plaintiffs agreed to sell and defendant agreed to buy said property for $25,000, payable $1,000 at the time of the signing of the contract and the balance to be paid on delivery of deed, which, according to the contract, was to be made on September 16, 1956; that at the time of the signing of the contract, defendant gave her check for $1,000 payable to Paul Hamilton Realty Company, the broker negotiating the transaction; that thereafter the defendant stopped payment on the check and thereby repudiated and breached the contract; that "when the offer and contract referred to herein were signed plaintiffs entered into contract to purchase another residence of which defendant had full knowledge. Repudiation of contract by defendant made it necessary that plaintiffs use their best efforts to secure another buyer for their residence that defendant had agreed to buy. After continuous efforts plaintiffs sold the residence at a lower price than defendant had agreed to pay."; that plaintiffs were ready and able to perform the contract on their part, but defendant breached the same; "By reason of the premises plaintiffs have suffered damages in the sum of $4000. Wherefore, plaintiffs

pray judgment against defendant in the sum of $4000 with interest thereon from date of filing this suit and for the costs."

Defendant's answer admitted the execution of the contract, and her failure to comply therewith; but by way of defense alleged that the plaintiffs and their agent had falsely and fraudulently represented that the exterior of the house was constructed of redwood, when in truth and fact it was not of such material.

We have concluded that since only one question of error can be considered on appeal, as hereafter discussed, it is unnecessary to detail the evidence. Suffice it to say that plaintiffs and defendant executed a written contract whereby the plaintiffs agreed to sell defendant a certain house and lot for $25,000; defendant refused to complete the contract; and this suit for damages resulted.

At the conclusion of all the evidence, the court gave plaintiffs' instruction No. 1 to the effect that the defendant failed to prove fraudulent misrepresentation; that defendant's answer admitted the execution of the contract and her failure to perform the same; and that the jury's verdict should be in favor of the plaintiffs.

The court also gave plaintiffs' instruction No. 3 submitting various elements of damage. Because of what is hereafter said, we copy the instruction and add numbers indicating the separate elements of special damages. The instruction reads: "The Court instructs the jury that you shall award plaintiffs damages in such amount * * * as you may find and believe from the evidence will fairly and reasonably compensate them for their loss * * * as may fairly and reasonably be considered to have arisen naturally, that is, according to the usual course of things, from defendant's breach, if so. In arriving at such damages you may take into account (1) the difference in the price defendant agreed to pay and the price at which the property was later sold; (2) reasonable attorneys fees * * * which plaintiffs may have been

compelled to incur * * * as the result of such breach; (3) taxes and insurance carrying charges * * *, which plaintiffs were obliged to pay; (4) loss of interest, * * *, due to failure of defendant * * * to pay balance of purchase price as called for in contract; (5) cost incurred by plaintiffs * * * in maintaining the property until resold; (6) loss * * * incurred by plaintiffs in having to take second mortgage on resale of the property; (7) value of defendant's possession and use of the property * * *; (8) reasonable value of plaintiffs' time in efforts to resell the property and reasonable costs of advertising * * * for such purpose. If your verdict is for the plaintiffs it should be in such amount as a whole, stated in one lump sum, not exceeding the sum of $4000. * * *"

■ Plaintiffs have filed a motion to dismiss the appeal because the points relied on in defendant's brief fail to comply with and meet the requirements of Rule 1.08, Supreme Court Rules, 42 V.A.M.S. Point 1 is: "The trial court erred in admitting evidence on behalf of plaintiffs and in excluding evidence offered by the defendant." Point 2: "The trial court erred in refusing to allow the jury to pass on the defense tendered by the defendant and erred in directing a verdict for plaintiffs." Point 3: "The trial court erred in instructing as to damages." A mere casual reading of Rule 1.08 demonstrates the insufficiency of defendant's brief. Recognizing this fact, defendant has filed a motion requesting that she be permitted to amend her brief by properly setting out the points relied on in compliance with the rule. This motion was filed after plaintiffs filed their motion to dismiss, and under such circumstances, we will not permit the amendment.

■ However, we will not dismiss the appeal because of the manifest injustice which would result in this case. Rule 3.27 provides: "Plain errors affecting substantial rights may be considered on motion for new trial or on appeal, in the discretion of the court, though not raised in the trial

court or preserved for review, or defectively raised or preserved, when the court deems that manifest injustice or miscarriage of justice has resulted therefrom."

Plaintiffs' instruction No. 3, submitting various items of special damages, is so manifestly erroneous and prejudicial that the verdict and judgment cannot stand, and we will consider the error under Rule 3.27.

We have quoted from the petition supra the only allegation that might, in any way, intimate an element of special damage, but it is so indefinite and uncertain that it would be difficult to specify what such element would be. This allegation is to the effect that after the contract of purchase was signed, plaintiffs entered into a contract to purchase another residence, of which defendant had knowledge; and that defendant's breach of the contract made it necessary that plaintiffs use their best efforts to secure another buyer for the residence which the defendant had agreed to purchase. Based upon this general and indefinite allegation, plaintiffs' instruction 3 submitted 7 items of special damages, which they claim resulted from the breach of the contract. We do not believe that such a general allegation is sufficient to open a Pandora's box of special damages.

■ In a case of this character, the general rule is that the measure of damages for the breach of the contract is the difference between the contract price and the value of the land on the day that the contract should have been completed. Norris v. Letchworth, 140 Mo.App. 19, 124 S.W. 559; Biggers v. Gonter, Mo.App., 54 S.W.2d 783; Young v. Raupp, Mo.App., 305 S.W.2d 731, 732; Wilt v. Waterfield, Mo.App., 273 S.W.2d 290, 296, and Williston on Contracts, Vol. V, page 3906, Section 1399.

■ It is possible for special damages to result from the breach of a contract for the sale of real estate. But to be recoverable, the special circumstances must have been known by or have been communicated to the person who breaks the contract; and they must be *specifically pleaded*. Section 509.200 RSMo 1949, V.A.M.S.; Young v. Raupp, supra; Johnson v. Flex-O-Lite Mfg. Corp., Mo., 314 S.W.2d 75, 84, wherein the court said: "Special damages which, are the natural but not necessary result of the wrongful act, must be specifically stated in the pleading."

Plaintiffs cite only Young v. Raupp, supra, in support of their contention that they could properly submit the various items of special damages. However, they overlook the fact that this court specifically held that the one element of special damage *was alleged in the petition* (305 S.W.2d at page 732).

■ In the instant case, the petition does not allege, directly or indirectly or by implication, any of the special damages claimed in items 2 to 8, both inclusive, as set out in the instruction. For this reason, instruction 3 is clearly erroneous and prejudicial. We say this because the evidence shows that within 30 days after the date for the performance of the contract, plaintiffs sold their house to another purchaser for $23,500, which is only $1,500 less than the contract price. The verdict and judgment being for $2,500 makes it clear that the jury awarded plaintiffs $1,000 as special damages.

■ However, to escape the effect of failure to specifically plead the special damages submitted, plaintiffs contend that defendant's counsel cross-examined witnesses about the various items of special damage, and therefore cannot now complain. It appears from the record and the briefs that sometime prior to the trial, plaintiffs' counsel prepared a list of the special damages which they intended to claim, and furnished a copy thereof to defendant's counsel. At the trial, when plaintiffs' counsel began the development of the special damages, defendant's counsel objected "to this whole line of testimony as being an effort to show special damages which are in no way pleaded by the plaintiffs in their peti-

tion". This objection was overruled. The objection was renewed two or three times, with the addition that the evidence as to such special items was irrelevant, immaterial, incompetent, and not within the issues made by the pleadings. Each objection was overruled. On cross-examination, defendant's counsel did examine the witnesses on these special items in an effort to mitigate or destroy the effect of the testimony. But by so doing, under the circumstances in this case, he did not waive the right to present the error, and this court is not prohibited from considering such error under Rule 3.27. Barker v. St. Louis, I. M. & S. Ry. Co., 126 Mo. 143, 28 S.W. 866, 867, 26 L.R.A. 843; Glenn v. Thompson, 228 Mo.App. 1087, 61 S.W.2d 210, 212; Levin v. Hilliard, Mo.Sup., 266 S.W.2d 573. In the Levin case, the court said (577): "Defendants contend that in any event plaintiff's counsel, on cross-examination, 'went beyond the witness' testimony, admitted over objection * * * and thereby cured any error, if such there was, in permitting Hilliard to answer the question to which objection had been made.' * * * Defendants cite several cases, both from Missouri and other jurisdictions. We have examined each of them and note that none of the Missouri cases cited supports this proposition. Some of the cases from other jurisdictions do support defendants' contention, but those cases are contrary to the Missouri rule pertaining to the instant question. 'There are cases holding that objections to testimony are waived when the objecting party on cross-examination subsequently goes into the same matter, but this is clearly contrary to the weight of the authority. It would indeed be a strange doctrine, and a rule utterly destructive of the right and all the benefits of cross-examination, to hold a litigant to have waived his objection to improper testimony because, by further inquiry, he sought on cross-examination to break the force or demonstrate the untruthfulness of the evidence given in chief, in the event, as would most usually occur, that the witness should on his cross-examination repeat or restate

some or all of his evidence given on his direct examination.' "

Under the circumstances in this case, the cross-examination by defendant's counsel, after his objections had been overruled, does not have the effect of waiving defendant's right to assert the error of submitting special damages which were not pleaded; and will not justify this court in holding that the case was tried on the theory that such special damages were pleaded and consider the petition as amended in conformity therewith.

Because the instruction erroneously submitted various items of special damages which were not pleaded, the judgment must be reversed and the cause remanded. But this does not mean that the instruction is otherwise proper, or that any of the items of special damages set out in the instruction could legally be recovered even if they were specifically pleaded.

Item (1) advised the jury that in arriving at a verdict it "may take into account the difference in the price defendant agreed to pay and the price at which the property was later sold". That is not the accepted standard of this element of damage. As stated in Biggers v. Gonter, and the other cases cited supra, the correct measure of damage is the difference between the contract price and the value of the land on the day that the contract should have been completed.

We are of the opinion that the allowance of attorneys' fees is not a proper element of damage in this case. Ordinarily, attorneys' fees are recoverable only when called for by contract or provided by statute, or as an item of damage when their incurrence involves the wronged party in collateral litigation, or occasionally, when a court of equity finds it necessary to adjudge them in order to balance benefits. State ex rel. Moore v. Morant, Mo.App., 266 S.W.2d 723, 727; Allstate Insurance Co. v. Hartford Accident & Indemnity Co., Mo.App., 311 S.W.2d 41, 48, and cases there cited.

We will not lengthen this opinion by considering whether the other items of special damages are recoverable even if pleaded. No doubt on a retrial, the case will be disposed of in keeping with the usual procedure in a suit for the breach of a contract to sell real estate. Many such cases are found in the reports.

From what we have said, it follows that: (a) defendant's motion to amend her brief is overruled; (b) plaintiffs' motion to dismiss the appeal is overruled; and (c) the judgment is reversed and the cause remanded for a new trial on all proper issues. It is so ordered.

All concur.