Jo D. **STOCKWELL** et al., **Respondents,**

v.

**ZAJIC LAKES DEVELOPMENT COMPANY, Appellant.**

**No. KCD 27504.**

Missouri Court of Appeals, Kansas City District.

July 6, 1976.

Charles C. Shafer, Jr., Howard Chamberlin, Kansas City, for appellant.

Jerry Conkling, Kansas City, for respondents.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

PER CURIAM.

Plaintiffs (respondents) brought an action for damages for "breach of covenant" against defendant (appellant), a corporation. Trial by jury resulted in an award of damages to plaintiffs in the amount of

$5,308.00 from which defendant has appealed.

The "covenant" upon which plaintiffs' action was predicated (same obligating defendant to construct a sewer line) was auxiliary to conveyance of a vacant building lot by defendant as grantor. Plaintiffs and defendant throughout have properly treated the "breach of covenant" action as an action for breach of contract.

Defendant seeks appellate relief on five grounds, one of which entitles it to reversal and remand of the cause for a new trial. Therefore, it is deemed unnecessary to definitively rule on any of the remaining grounds.

Defendant claims the trial court, over its objection that such was inadmissible by virtue of the "dead man's statute" (Section 491.010, RSMo 1969), erred in permitting plaintiff Frances Stockwell to testify as to certain conversations with Joseph Zajic, the deceased president of defendant corporation, which occurred subsequent to execution of the "covenant" and were claimed relevant to the issue of damages. Applicability vel non of the "dead man's statute" in a given instance is a legal conundrum which has plagued bench and bar since 1865,[1] and this case is no exception. To resolve this issue a brief iteration of certain evidence, and the sequence in which it occurred, is indispensible in order to place the issue in proper perspective.

Nora Marie Zajic, widow of Joseph Zajic (deceased president of defendant corporation), was called as a witness by plaintiffs. Insofar as here pertinent, plaintiffs' examination of Nora Marie Zajic revealed that she was a stockholder in defendant corporation, and its vice-president and secretary in name only since her late husband, Joseph Zajic, conducted all of the corporation's business affairs. Plaintiffs' examination of Nora Marie Zajic further revealed that she was not even present, much less involved or acting for or on behalf of defendant corporation, when the "covenant" sued upon was negotiated or at any subsequent time with respect to any conversations that may have taken place between plaintiffs and her late husband concerning construction of the sewer in question. Nora Marie Zajic further testified on direct examination that plaintiffs had never discussed construction of the sewer with her. Counsel for defendant, during a brief cross-examination of Nora Marie Zajic, asked her whether the plaintiffs, *to her knowledge,* ever discussed construction of the sewer with her late husband, Joseph Zajic, which she answered in the negative. Plaintiffs seek to rebut defendant's claim of error by arguing that the aforementioned constituted a waiver of the "dead man's statute" by defendant. Plaintiffs cite no authority to support their claim of waiver and their argument is abstract and diffuse. They appear to summarily assume that Nora Marie Zajic was an incompetent witness[2] within the purview of the "dead man's statute" and cite *Fowler v. Sone,* 226 S.W. 995, 996 (Mo.App.1920) and *Baker v. Baker,* 363 Mo. 318, 251 S.W.2d 31, 34 (1952) as authority for the proposition that under the "dead man's statute" a waiver as to the incompetency of one witness constitutes a waiver as to all other incompetent witnesses. Plaintiffs, in addition to assuming, sub silentio, that Nora Marie Zajic was an incompetent witness within the purview of the "dead man's statute", appear to further assume, in a like vein, that her answer to the question was tantamount to a categorical denial that the plaintiffs and her late husband ever engaged in any conversation regarding construction of the sewer after defendant corporation became legally obligated to do so. The question and answer that occurred during cross-examination of Nora Marie Zajic is simply not subject to the tortuous construction which plaintiffs attempt to place upon it. In view of the record it is

---

1. Chapter 144, Section 1, Gen.St.1865.

2. According to *Southern Commercial Sav. Bank v. Slattery's Admr.,* 166 Mo. 620, 66 S.W. 1066 (1902), albeit a converse situation insofar as which party was dead, the fact that she was a stockholder in and an officer of defendant corporation, standing alone, would not make her an incompetent witness.

unnecessary to decide whether a different issue would be presented, and a different result indicated, if Nora Marie Zajic had testified that her late husband at no time ever had any subsequent conversations with the plaintiffs about construction of the sewer or if she had testified that she was present and together with her late husband actively participated on behalf of the corporation in negotiations that culminated in execution of the "covenant" in question and in subsequent conversations with plaintiffs concerning construction of the sewer. Joseph Zajic, deceased president of defendant corporation, negotiated the "covenant" on behalf of defendant corporation and acted in its behalf with reference to all subsequent conversations pertaining to it. A "party to a contract" with reference to the contract of a corporation, as the term is used in the "dead man's statute" (Section 491.010, supra), has been judicially construed in this state to refer to the agent or officer of the corporation who negotiates a contract on its behalf, rather than the corporation in whose name and interest it is negotiated. *Williams v. Edwards,* 94 Mo. 447, 7 S.W. 429 (1888); *Southern Commercial Sav. Bank v. Slattery's Admr.,* supra; and *Columbia Brewery Co. v. Rohling,* 133 Mo.App. 65, 112 S.W. 767 (1908). So construed, Joseph Zajic, deceased president of defendant corporation, who died prior to the time suit was filed, was the party to the "covenant" or "contract" in question and the "dead man's statute" (Section 491.010, supra) sealed the lips of both plaintiffs from testifying, over proper objection lodged by defendant, as to any statements attributed to Joseph Zajic during any subsequent conversations between the parties regarding construction of the sewer. Therefore, the trial court erred in not sustaining defendant's timely objection to the complained of testimony elicited from plaintiff Frances Stockwell.

■ Although this case was submitted to the jury on the dual issues of liability and damages, the judgment of the lower court is reversed and the cause is remanded for a new trial on the issue of damages alone since defendant, both below and on appeal,

has admitted that it is obligated to build the sewer in question and that it has breached its "covenant" to do so (although it vociferously challenges the amount of damages awarded as being excessive).

The undiscussed grounds asserted by defendant on appeal are unlikely to reoccur at any subsequent trial on the issue of damages alone. Parenthetically, it appears that they were generated by the fact that neither side made any effort to acquaint itself as to what are legally recognized as recoverable items of special damages in a breach of contract action and how such should be pleaded and proved. Upon retrial of this case it would behoove counsel for both sides to familiarize themselves with certain existing cases and rules in this state, of which *Young v. Raupp,* 305 S.W.2d 731 (Mo.App. 1957), *Duncan v. Townsend,* 325 S.W.2d 67 (Mo.App.1959), *Gottlieb v. Hyken,* 448 S.W.2d 617 (Mo.1970), and Rule 55.19 are but a few examples.

Judgment reversed and cause remanded for a new trial solely on the issue of damages.