**MAYOR, COUNCILMEN, AND CITIZENS OF the CITY OF LIBERTY, Missouri, a Municipal Corporation, Respondents,**

v.

**Rodney BEARD, et al., Appellants.**

**No. 62833.**

Supreme Court of Missouri,
En Banc.

Aug. 2, 1982.

John C. Dods, Margaret D. Lineberry, Shook, Hardy & Bacon, Kansas City, for appellants.

Don M. Jackson, Lindsay K. McFerrin, Jackson & Sherman, P.C., Kansas City, for respondents.

PER CURIAM.

In 1977, the City of Liberty passed an ordinance for the annexation of 5.4 square miles of land, and initiated a suit pursuant to § 71.015, RSMo 1978 (The Sawyers Act), for a declaratory judgment authorizing the annexation. Appellants were named in the City's petition as a representative class of inhabitants in the area proposed for annexation; several employed present counsel. The trial court authorized the City to proceed with the annexation and denied appellants' motion for allowance of attorneys' fees. The Missouri Court of Appeals, Western District, affirmed the judgment of an-

---

nexation, *Mayor, Councilmen and Citizens of the City of Liberty v. Beard*, 613 S.W.2d 642 (Mo.App.1981), but reversed the denial of attorneys' fees and remanded the issue for further consideration by the trial court. This Court transferred the cause on the issue of attorneys' fees and expenses. *Mayor, Councilmen and Citizens of the City of Liberty v. Beard*, 613 S.W.2d 641 (Mo. banc 1981) (Supreme Court order).

■ The question is whether defendants in an action for annexation, brought by a city in compliance with § 71.015, RSMo 1978, may be awarded attorneys' fees and expenses. The answer is "no", and the remainder of the trial court's judgment is affirmed.

Appellants contend the trial court is authorized by statute to make a just and equitable award of costs and that such costs can include attorneys' fees.

■ The rule in Missouri is that absent statutory authorization or contractual agreement, each litigant, with few exceptions, must bear the expense of his own attorneys' fees (American Rule). *Arnold v. Edelman*, 392 S.W.2d 231, 239 (Mo.1965); *Moore v. City of Pacific*, 534 S.W.2d 486, 505 (Mo.App.1976); *Rook v. John F. Oliver Trucking Co.*, 505 S.W.2d 157, 161 (Mo.App. 1973); *Duncan v. Townsend*, 325 S.W.2d 67, 71 (Mo.App.1959). *See also Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967).

Although appellants refer to § 527.100, RSMo 1978, which provides that the court may make an award of costs in a declaratory judgment action, they show no statutory authorization or contractual agreement for an award of attorneys' fees to satisfy the governing rule.

The obvious exception to the rule in Missouri is represented by *Bernheimer v. First National Bank of Kansas City*, 359 Mo. 1119, 225 S.W.2d 745 (1949). Although it was a declaratory judgment action, it was filed in equity to obtain construction of a testamentary trust insofar as determining whether the minor plaintiff was the lawful issue of the body of his father. The trustees, residuary legatees and potential unborn future issue of the father were parties. In such special circumstances, the court awarded attorneys' fees to all parties for the reason that there was an ambiguity in the phrase "lawful issue" and its resolution and attendant questions were "important to the testamentary trustees in ascertaining the meaning of the will, and in charting a course for the administration of the trust estate." 225 S.W.2d at 755.

Appellants extract the statement from *Labor's Educational and Political Club—Independent v. Danforth*, 561 S.W.2d 339, 350 (Mo. banc 1977), that " 'costs' has been interpreted to include attorneys' fees." This is attributed to *Bernheimer v. First National Bank*, distinguished *supra*, and is not persuasive on the question here.

The judgment in denial of attorneys' fees is affirmed.

DONNELLY, C. J., and RENDLEN, WELLIVER, MORGAN and HIGGINS, JJ., concur.

BARDGETT, J., dissents in separate dissenting opinion filed.

SEILER, J., dissents and concurs in separate dissenting opinion of BARDGETT, J.

BARDGETT, Judge, dissenting.

I respectfully dissent.

Section 71.015, RSMo 1978, requires a suit to be brought under the provisions of chapter 527, RSMo 1978, by the annexing authority (City of Liberty) as a class action against the inhabitants of the unincorporated area under the provisions of § 507.070, RSMo 1978.

Section 527.100 provides the court may make such award of costs as may seem equitable and just. In my opinion this type of suit serves the interest of the public primarily in requiring the annexing authority to demonstrate compliance with the annexation laws. The person named as representative of the defendant class serves in that representative capacity for the purpose of safeguarding the public interest. This

being the case, I believe the rule of *Bernheimer v. First Nat'l Bank*, 359 Mo. 1119, 225 S.W.2d 745 (banc 1949), is applicable and that the attorney's fees of defendants are taxable as costs and may be assessed against the City of Liberty under § 527.100.