**Wilbert ASHWORTH and Wilma Ashworth, Respondents,**

v.

**Charles SCHNEIDER, Assessor of St. Louis County, et al., Appellants.**

No. 47029.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 24, 1984.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
March 8, 1984.
Application to Transfer Denied
April 16, 1984.

---

Thomas W. Wehrle, St. Louis County Counselor, Don R. Williams, Associate, James L. Thomas, Clayton, for appellants.

John J. Allan, St. Louis, for respondents.

CRIST, Presiding Judge.

Suit by respondents (owners) against defendants Guy M. & Bertha Jackson (Jacksons) in two counts, Count I to quiet title to real estate and Count II for actual and punitive damages for slander. In the same suit, owners sued defendant George C. Leachman, Collector of Revenue for St. Louis County, Missouri (collector) and Charles F. Schneider, Assessor of St. Louis County (assessor) for actual and punitive damages for improper assessment and sale of their backyard, under § 140.490, RSMo 1978.

The trial court quieted title to the real estate in the owners, but dismissed the count on slander. It entered judgment in favor of owners and against assessor in the sum of $4,094.00 as expenses, costs and charges, which included $3,390.00 as attorney fees, and an additional ten percent penalty ($409.40) as provided for in § 140.-490. Assessor appeals. We reverse and remand that part of the judgment pertaining to attorney fees due by assessor, with directions, and otherwise affirm the judgment.

Owners purchased their home in 1959. In 1960, the records in assessor's office were altered, separating the owners' backyard (measuring 54′ by 100′) from the tract as a whole (which measured 54′ by 206′). The tract was assessed each year in those two parcels from that time without owners' knowledge. The taxes on the backyard, assessed to the person from whom owners purchased the tract, were not paid. In 1979, the collector sold the backyard to Jacksons at a tax sale, again without owners' knowledge. Jacksons were owners' backyard neighbors. Thereafter owners discovered Jacksons had legal title to their backyard. This suit followed.

■ Assessor did not question the applicability of § 140.490. Under § 140.490, owners are entitled to recover from assessor *"all the damages, costs and charges"* to which they were subjected by reason of assessor's failure to properly assess their property, plus a ten percent penalty. The attorney fees pertaining to their quiet title action against Jacksons may be recovered by the owners. They lost legal title to their backyard due to an erroneous tax assessment and sale. They had to sue their neighbors, who had purchased the property at the tax sale, to quiet their title. This quiet title action was collateral to the claim against the assessor and collector, and necessary to make owners whole. Attorney fees in such collateral actions are recoverable.

■ Recovery of the attorney fees pertaining to the count against assessor is a different matter. There is no specific statutory authority in § 140.490 on which to base an award of attorney fees. Usually, attorney fees are not recoverable as damages without statutory authorization or contractual provisions. *Mayor, Councilmen & Citizens, Etc. v. Beard*, 636 S.W.2d 330, 331 (Mo. banc 1982). See *Roberts v. McNary*, 636 S.W.2d 332, 338 (Mo. banc 1982); *L.R.R. v. Christian Family Services, Inc.*, 620 S.W.2d 14 (Mo.App.1981). These fees are not recoverable.

■ Assessor also contends he cannot be liable to owners because there was no evidence he was the assessor at the time the mistake was made in 1959 or 1960. Owners' backyard was erroneously assessed beginning in 1960, and each year thereafter until this suit. The suit is against an officer of the state, and liability attaches to successive officers and not to the assessor personally.

The judgment pertaining to the amount of attorney fees due by assessor is reversed and remanded for the taking of additional evidence as to the amount of attorney fees due on the quiet title suit, and for a redetermination of damages, costs, and charges due owners in light thereof. The judgment is, in all other respects, affirmed.

PUDLOWSKI and SIMON, JJ., concur.