John G. ARIKO, as General Partner for CEDAR POINT APARTMENTS, LTD., a Limited Partnership, Plaintiff,

v.

CEDAR POINT INVESTMENT CORPORATION a Missouri Corporation, and Bill Bruce, individually; and as General Partner in Wellington Green-Cedar Point, Ltd.; and as General Partner in Bruce Properties Company, a Partnership, and Donald Ham, individually; and as General Partner in Wellington Green-Cedar Point, Ltd.; and as a General Partner in Bruce Properties Company, a Partnership, and Donn H. Lipton, individually; and as General Partner of Lipton-Millard II, Ltd.; and as Trustee under Indenture of Trust of Christina Ann Ferer, Grantor, dated December 20, 1971; and as Trustee under Indenture of Trust of Patricia Ferer, Grantor, dated June 13, 1973; and as Trustee of trust created for the benefit of Christina Ferer Millard under terms of Indenture of Trust of Beverly Ferer Katz, Grantor, dated August 27, 1965, as amended November 24, 1973; and as Trustee of trust created for the benefit of Patricia Ferer under terms of Indenture of Trust of Beverly Ferer Katz, Grantor, dated August 27, 1965, as amended November 24, 1973, and Robert B. Millard, individually; and as General Partner of Lipton Millard II, Ltd., and McDonnell Douglas Corporation, a Maryland Corporation, and Christina Ferer Millard, as Trustee under Indenture of Trust of Christina Ann Ferer, Grantor, dated December 20, 1971, and Patricia Ferer, as Trustee under Indenture of Trust of Patricia Ferer, Grantor, dated June 13, 1973, and Gershman Investment Corporation, an Arkansas Corporation, and Community Federal Savings and Loan Association, a Corporation, Defendants.

Anthony J. NICHOLSON, as General Partner for WELLINGTON GREEN APARTMENTS, LTD., a Limited Partnership, Plaintiff,

v.

B & D INVESTMENT CORPORATION, a Missouri Corporation, and Bill Bruce, individually; and as General Partner in Wellington Green-Cedar Point, Ltd.; and as General Partner in Bruce Properties Company, a Partnership, and Donald Ham, individually; and as General Partner in Wellington Green-Cedar Point, Ltd.; and as General Partner in Bruce Properties Company, a Partnership, and Donn H. Lipton, individually; and as General Partner of Lipton-Millard I, Ltd.; and a Trustee under Indenture of Trust of Christina Ann Ferer, Grantor, dated December 20, 1971; and as Trustee under Indenture of Trust of

**508**

Patricia Ferer, Grantor, dated June 13, 1973; and as Trustee of trust created for the benefit of Christina Ferer Millard under terms of Indenture of Trust of Beverly Ferer Katz, Grantor, dated August 27, 1965, as amended November 24, 1973; and as Trustee of trust created for the benefit of Patricia Ferer under terms of Indenture of Trust of Beverly Ferer Katz, Grantor, dated August 27, 1965, as amended November 24, 1973, and Robert B. Millard, individually; and as General Partner of Lipton-Millard I, Ltd., and McDonnell Douglas Corporation, a Maryland Corporation, and Christina Ferer Millard, as Trustee under Indenture of Trust of Christina Ann Ferer, Grantor, dated December 20, 1971, and Patricia Ferer, as Trustee under Indenture of Trust of Patricia Ferer, Grantor, dated June 13, 1973, and Missouri Savings Association, a Corporation, Defendants.

No. 79–1006C(C), 79–1008C(C).

United States District Court,
E.D. Missouri, E.D.

Feb. 7, 1984.

On Accrual of Interest Feb. 22, 1984.

Burton H. Shostak, St. Louis, Mo., for plaintiff.

Chester A. Love, Clayton, Mo., for defendants.

---

## MEMORANDUM

MEREDITH, District Judge.

This matter is before the court upon defendants' motion to amend judgment and to amend and supplement findings of fact and conclusions of law. For the reasons set forth below, this motion will be denied.

Plaintiffs brought these actions against defendants alleging breach of contracts to purchase the Wellington Green and Cedar Point apartments. On 14 November 1983, this court entered its judgment that defendants breached their contracts of sale by refusing to close. This court held that in regard to the sales contract on the Cedar Point apartments, plaintiff suffered damages of $474,429, and that in regard to the sales contract on the Wellington Green apartments, plaintiff suffered damages of $503,746.

■ Defendants seek to amend the judgment and findings of fact and law. Defendants' main complaint is that the court has accepted plaintiffs' use of the "present value" of various contracts involved in this litigation. Defendants suggest that the court has not found the fair market value of the apartments on 14 June 1979, the date of the breach. However, the court has specifically and separately based its damage calculations upon the difference between fair market value and the contract price. Defendants complain that Mr. Ariko was not qualified as an expert. However, the court has judged that Mr. Ariko was qualified as an expert in this case, and that his calculations were made reasonably and upon sufficient evidence. Defendants complain that neither plaintiffs nor purchaser actually had an 8½% loan. However, this loan rate is instructive in finding the value of the contracts, and thus in finding the fair market value versus the contract price as of the date the sale should have been completed. *See Perkinson v. Burford*, 623 S.W.2d 30, 33 (Mo.App.1981); *Young v. Raupp*, 305 S.W.2d 731, 732 (Mo.App.1957). Thus, the 8½% and 9½% rates, being set out in the purchase contracts themselves, were properly taken into consideration by plaintiffs' expert.

■ It is clear, and agreed by the parties, that the difference between the purchase price (the contract price plaintiffs would have paid had the sale gone through) and the fair market value as of the sale date is plaintiffs' damages.

■ To come up with the appropriate damage figure, the court has to find the contract price and fair market value of the land on the date the sale should have been completed. The court has made these calculations and set out the figures it has used to arrive at the final determination. *See* Findings of Fact 11, 12, 13, 14, 15, 16, 17, 18, 24, 25. If the court were to find simply that the losses suffered by plaintiffs were $503,746 on the Wellington Green apartments and $474,429 on the Cedar Point apartments, such statement of ultimate fact, without the subordinate factual foundations specifically set out, would not meet the requirements of Federal Rule of Civil Procedure 52(a). *See H. Prang Trucking Co., Inc. v. Local U. No. 469*, 613 F.2d 1235, 1238 (3rd Cir.1980). However, the court is not required to make findings on all the facts; it is sufficient that the court make findings which are sufficient to indicate the factual basis for the ultimate conclusion. *Skelly Oil Co. v. Holloway*,

171 F.2d 670, 673 (8th Cir.1948). Reviewing its Findings of Fact, the court is convinced it has found, and set out, the facts necessary for and leading to a decision in the case. *Holloway, supra.* The Eighth Circuit confirmed its ruling in *Holloway* in *Christensen v. Great Plains Gas Company,* 418 F.2d 995, 1000 (8th Cir.1969). *See also Falcon Equipment Corp. v. Courtesy Lincoln Mercury, Inc.,* 536 F.2d 806, 808 (8th Cir.1976); *Stanley v. Henderson,* 597 F.2d 651, 654 (8th Cir.1979); *Bell v. Bolger,* 708 F.2d 1312, 1318–19 n. 8 (8th Cir.1983).

■ Defendants cite *Hollinger v. United States of America,* 651 F.2d 636 (9th Cir.1981), for support of its contention that the court's findings are inadequate. This case, to the contrary, shows that this court's findings do indeed meet the "sufficient subsidiary findings" test. In *Hollinger,* the finding challenged stated:

> That Hollinger, subsequent to trial, and adjusted to present value, will suffer partial diminution of earning capacity, and loss of non-monetary earnings, as follows, including consideration of items such as deductions for federal and state income taxes, social security and fringe benefits, and non-monetary earnings, in the sum of $350,000.00.

*Hollinger,* 651 F.2d at 641. The Court of Appeals, 693 F.2d 748, remanded for additional findings with respect to the specific components of the damage award. *Hollinger* is clearly distinguishable, because here the court has set out in particular, the components of the various contracts. The present value of the contracts is then set out in Findings of Fact 24 and 25. The figures used by the plaintiffs' expert are all set out; this exposition was not present in the *Hollinger* case. This court has neither set forth the computations, addition, subtraction, multiplication and division of the expert, nor has it attached its own arithmetic worksheet to its Judgment. Such detail is not required by *Hollinger.* Subsidiary findings are sufficient if the trial court discloses to the appellate court the steps by which it reached its ultimate conclusion, the fair market value of the losses, $474,429 and $503,746. *See Hollinger,* 651 F.2d at 641. The components of the final damage award are clearly visable.

Defendants complain that the court has not found the fair market value of the apartments as of 14 June 1979. To the contrary, the fair market value of the apartments was the price paid under the December 1979 Lipton contract. The contract terms contained cash payments, cash surplus notes, self-amortizing notes, first mortgages or deeds of trust. The purchase price was to be paid over a period of time, but any award of this court is due in a one-time payment. Therefore, the Lipton contract was reduced to a present value, the value of the contract at the time it was made. This present Lipton contract value was used properly as the fair market value of the apartments. *See* Conclusion of Law 7; *Louis Steinbaum Real Estate Co. v. Maltz,* 247 S.W.2d 652 (Mo.1952).

■ The court found the contract price to be the price payable under the Nicholson contract of January 1979. As with the Lipton contract, in order that the court could determine the damages payable now, the present Nicholson contract value was used properly as the contract price of the apartments. The court then found the damages to be the difference between the contract price and the fair market value of the apartments.

Defendants do not object so much to the Nicholson contract being the contract price and the Lipton contract serving as a gauge for the fair market value, as they object to the court's use of present values of those contracts. However, it is clear that the lower court may not refuse to discount an award to its net *present value. Hollinger v. United States of America,* 651 F.2d 636, 641 (9th Cir.1981) (*citing United States of America v. English,* 521 F.2d 63, 75 (9th Cir.1975)) (emphasis added). If there is competent expert testimony that the district court concludes is reliable, calculations

of damages should be made by adjusting them to *present value. Hollinger,* 651 F.2d at 642 (emphasis added).

■ The court accepted Mr. Ariko as an expert for the purposes of his testimony in this case. While he may not be a member of the American Society of Real Estate Appraisers, the court is convinced he has the expertise, academic training, and knowledge of the situation sufficient to qualify as an expert for purposes of determining damages herein. *See Greyhound Computer Corporation, Inc. v. International Business Machines Corp.,* 559 F.2d 488, 507 (9th Cir.1977) *cert. den.* 434 U.S. 1040, 98 S.Ct. 782, 54 L.Ed.2d 790 (1978) (interested witness may testify as to damages so long as record reflects competency and factual basis for conclusions).

Defendants state that plaintiffs' theory rests upon the assumption that had they closed under the Nicholson contracts, then Lipton would have entered into a contract with them as he did with the sellers. The court does not have to find whether Lipton would have entered into such a contract with plaintiffs. As defendants have reminded the court, the damages to which plaintiffs are entitled are the difference between the contract price (which the court finds to be equivalent to the then present value of the Nicholson contract) and the fair market value of the property on the date the sale should have been completed (which the court found to be equivalent to the then present value of the Lipton contract). The Lipton contract shows what the fair market value was. Plaintiffs do not have to show that Lipton would have bought from them; they must show what the difference was between contract price and fair market value. This, they have done.

Nor has the court held that the actual value of the apartments increased some $978,000, as defendants suggest. The court holds that plaintiffs contracted to purchase the apartments at a certain price; defendants breached the contract and thereafter sold to a third party; the sale price to the third party represents the fair market value of the apartments; plaintiffs may recover as damages the difference between their contract price and the fair market value.

Accordingly, defendants' motion to amend judgment and to amend and supplement findings of fact and conclusions of law will be denied.

## ON ACCRUAL OF INTEREST

■ This matter is before the court upon plaintiff's motion to amend judgment by inserting the date from which interest granted accrues. Judgment was entered 14 November 1983, wherein this court held that "this judgment shall bear interest at the rate of 9.86% per annum." The court omitted to state that interest accrues from the date of Judgment, 14 November 1983. This is a mistake which may be corrected under Rule 60. Fed.R.Civ.Proc. Plaintiff, however, wishes the court to find that interest accrues from 14 June 1979, the date of defendants' breach.

The courts of the State of Missouri have awarded prejudgment interest for breach of contract as long as the sum due is liquidated or readily ascertainable by reference to recognized standards. *See Denton Construction Co. v. Missouri State Highway Commission,* 454 S.W.2d 44, 59–60 (Mo.1970); *Saint Joseph Light & Power Co. v. Zurich Ins. Co.,* 698 F.2d 1351, 1355 (8th Cir.1983). Therefore, award of prejudgment interest in the present case depends upon whether the sum due was liquidated or readily ascertainable.

Plaintiff is correct in pointing out that in this breach of contract case, a recognized standard was applied to find the damages: difference between the contract price (which the court subsequently found to be the then present value of the Nicholson contract) and the fair market value of the property on the date the sale should have been completed (which the court subsequently found to be the then present value of the Lipton contract). However, the sum due was not readily ascertainable. The court had to find what the contract price

and what the fair market value were before it could award damages. That the court eventually found these items to be equivalent to the respective prices under the Nicholson and Lipton contracts, only after careful review of the evidence and expert testimony presented in the trial, is proof that the damages could not be readily ascertainable until findings of fact were made. The *Denton* and *Saint Joseph* cases require not only that a recognized standard be applicable in order to recover prejudgment interest; those cases also require that the amount due be readily ascertainable from such standard. Despite the applicability of a recognized standard, the amount due was not readily ascertainable.

In *Saint Joseph*, 698 F.2d 1351, 1355–57, the court outlined situations in which prejudgment interest should be awarded. These cases involved contract actions in which the contracts set out specific dollar amounts. The total amount of money due to Saint Joseph Light & Power Company was due for repair and other costs which were to be reimbursed under two types of insurance policies. The policies set out the contractual obligations of those companies to reimburse Saint Joseph. The total amount due to Saint Joseph was known since before suit. Other cases cited in the *Saint Joseph* opinion involve situations where the plaintiff was to be paid money under a contract, and where the amount owed could readily be figured. The court in *Saint Joseph*, 698 F.2d 1351, 1358, held that prejudgment interest will not be denied even if the defendant does not know precisely how much he will eventually be required to pay the plaintiff because he contests liability or asserts counterclaims, setoffs, or defenses, if the plaintiff's claim is ascertainable to a specific dollar amount.

The case at bar does not involve a contract under which the plaintiff is to be paid money. It is a contract for the sale of real estate. Similar to the situation in *Fohn v. Title Ins. Corp.*, 529 S.W.2d 1, 5 (Mo. En Banc 1975) (*Saint Joseph*, 698 F.2d at 1358), the amount due is unliquidated, it is not set out in the contract, it was not ascertainable to a specific dollar amount.

Further, under Rule 60, this court may only correct clerical mistakes. A motion to alter or amend a Judgment is to be made, under Rule 59, not later than 10 days after entry of the judgment.

Accordingly,

IT IS HEREBY ORDERED that this court's Judgment of 14 November 1983 be and is hereby corrected by adding the following sentence to the first paragraph on page 5: "Interest shall accrue from the date of this Judgment, 14 November 1983."