**LAWSON RURAL FIRE
ASSOCIATION,
Respondent,**

v.

**James AVERY and Evelyn
Avery, Appellants.**

**No. WD 40614.**

Missouri Court of Appeals,
Western District.

Dec. 13, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Jan. 31, 1989.

Roy W. Brown and Bruce B. Brown of Brown & Brown, Kearney, for appellants.

Stanley M. Thompson, Richmond, for respondent.

Before FENNER, P.J., and MANFORD and GAITAN, JJ.

MANFORD, Judge.

The Lawson Rural Fire Association, a volunteer fire protection association, brought this action for the payment of fees after responding to a fire on the property of appellants, who are nonmembers.

The judgment is affirmed in part and reversed in part.

Respondent is a volunteer fire protection association whose geographic service area includes appellants' property. However, at the time of the events which gave rise to this lawsuit, appellants were not subscribers to respondent's fire protection services.

On April 30, 1987, a fire broke out in a barn on appellants' property. A neighbor saw the fire and telephoned respondent, who immediately dispatched a fire truck and crew to the scene. This initial telephone call took place at 2:00 p.m. After the fire truck was dispatched to appellants' property, respondent received a second telephone request for assistance. This time the call was from appellants' five-year-old son, who was at home alone.

At 2:18 p.m., when respondent arrived at the property, the barn was already engulfed in flames. It was a windy day, and there was a concern that the fire would spread to other parts of appellants' property, or to neighboring properties. The crew remained at the scene and watered down the ground surrounding the barn, then extinguished the fire itself. At 3:03 p.m., the crew was ready to leave the scene and considered itself "back in service" to perform duties elsewhere if needed.

The next day, respondent sent appellants a bill for $600.00 as a fee for responding to the fire on their property. The bill was sent pursuant to § 320.302, RSMo 1986, which enables a volunteer fire protection association to respond to a nonmember's fire, and then bill the nonmember pursuant to the rate schedule set out in § 320.302.3:

3. In responding to fires of nonmembers or nonsubscribers, the volunteer fire protection association may charge up to the following fees:

(1) One hundred dollars for responding to a fire call or alarm;

(2) Five hundred dollars for each hour or a proportional sum for each quarter hour spent in combating a fire; plus

(3) An amount equal to one year's subscription or membership fees.

Three days later, appellant James Avery contacted Roy Borgmier, who was secretary of the association, and offered $100.00 in cash as a compromise settlement. Borgmier took the money and gave Avery a receipt, telling him that the association's board of directors would decide whether to accept Avery's compromise offer. Ultimately, the board rejected Avery's offer, and his $100.00 was returned to him by the association.

Following the return of Avery's money, respondent brought this action for the full $600.00 which was originally charged to appellants. After a trial de novo held before the Ray County Circuit Court, respondent received a judgment of $800.00, which included the $600.00 plus $200.00 in attorney's fees.

As their first point, appellants claim that the trial court acted improperly in setting the amount of the judgment at $600.00, the maximum provided for in § 320.302. According to appellants, § 320.302 does not provide any guidelines for determining how much a volunteer fire association should charge in any particular situation. Therefore, appellants argue, § 320.302 implicitly limits respondent's relief to a quantum meruit claim against a nonmember.

The statute clearly provides guidelines for determining fees in any situation. It

provides for a maximum fee per hour, plus a maximum fee for the initial call, and it provides a formula for dividing the time charged into quarter-hour increments. The plain meaning of the statute is that a volunteer fire protection association may set its own fees—provided they are within the statutory limit—as charges for responding to nonmembers' fires. Appellants' first point is ruled against them.

■ As their second point, appellants claim that the judgment of the trial court was unsupported by the evidence. According to appellants, the evidence showed that the volunteer fire crew spent only three-quarters of an hour actually combating the fire. Therefore, argue appellants, the trial court erred in awarding respondent $500.00, which is the statutory maximum for spending an entire hour fighting a fire. Instead, appellants contend, the trial court should have awarded respondent three-quarters of $500.00, or $375.00, for fighting the fire.

The evidence shows that respondent received a fire call at 2:00 p.m., and that they immediately dispatched a fire truck to the scene. The firefighters arrived at appellants' property at 2:18 p.m., and completed their work there at 3:03 p.m. In asking for $500.00 for a full hour of fighting the fire, respondent obviously considers the time spent driving to appellants' property to be an integral part of combating the fire. Appellants disagree, and consider the time which the firefighters spent driving to the scene to be covered by the $100.00 additional charge for responding to the fire call.

Respondent's fire truck was dispatched to appellant's property at 2:00 p.m. One hour later, the fire crew radioed respondent's office and indicated they had finished the job and were ready for their next assignment. This was sufficient evidence to support the trial court's finding that one hour was spent combating the fire. Appellants have offered no persuasive authority to support their claim that the time spent driving to appellants' property should not be considered to be part of the time spent combating the fire. Therefore, there is no reason to disturb the trial court's decision.

Appellants' second point is ruled against them.

As their third point, appellants claim that the trial court erred in awarding $200.00 in attorney's fees to respondent. In evaluating appellants' contention, this court is faced with the initial question of whether their claim can even be reviewed by this court. Respondent claims that appellants failed to present this issue to the trial court and, therefore, this issue has not been preserved for appeal.

A review of the record indicates that this case was tried by the court without a jury. During the trial, witnesses for respondent testified that respondent had spent at least $200.00 in attorney's fees in this matter and that respondent was, therefore, asking for $200.00 in attorney's fees from appellants. Then, a witness for respondent testified that these attorney's fees were authorized by statute. This testimony was objected to by counsel for appellants, who stated that such a question was for the court. Later, counsel for appellants asked the trial court to take judicial notice of §§ 320.300–320.310, RSMo 1986, which was the statute upon which respondent relied in seeking attorney's fees from appellants.

■ It is well-established that review by this court is limited to issues which were actually put before the trial court. *Rietsch v. T.W.H. Co., Inc.,* 702 S.W.2d 108, 112 (Mo.App.1985). It is found, however, that the issue of whether §§ 320.300–320.310 provides for attorney's fees was necessarily raised in the trial court, since the court took judicial notice of the statute and concluded that attorney's fees were appropriate in this case. It is true that appellants did not preserve this issue in their motion for a new trial, but such an action is not required in a court-tried case. *Rietsch, supra,;* Rule 73.01(b).

■ Proceeding then to the merits of appellants' claim, this court notes that the general rule in Missouri is that, absent statutory authorization or contractual agreement, attorney's fees are not recoverable. *Mayor, Councilmen, & Citizens, Etc. v. Beard,* 636 S.W.2d 330, 331 (Mo.

banc 1982). Respondent claims that their attorney's fees are, in fact, authorized by statute. Specifically, they rely on § 320.307, which states that if a volunteer fire protection association provides services to a nonmember who fails to pay for such services, then the association "shall have a cause of action against the property owner for full payment *and for additional damages not to exceed ten thousand dollars.*" (emphasis added).

Even though § 320.307 does not explicitly refer to attorney's fees, respondent interprets the statute to mean that such fees are implicitly included in the provision that a volunteer fire protection association may recover "additional damages" from a nonmember. This argument is similar to the argument raised in *Ashworth v. Schneider,* 667 S.W.2d 16 (Mo.App.1984). In *Ashworth,* property owners brought an action against a county assessor, under § 140.490, RSMo 1978, for actual and punitive damages for the improper assessment and sale of their backyard.

Under § 140.490, the owners were entitled to recover from the assessor *"all the damages,* costs and charges" (emphasis added) to which they were subjected by reason of the improper assessment. The owners claimed that, in an action based on this statute, they were entitled to their attorney's fees. However, the *Ashworth* court held that (with the exception of collateral litigation) such language did not constitute statutory authorization for attorney's fees.

Applying the *Ashworth* decision to the case at bar, it is concluded that a statutory reference to "additional damages," like a statutory reference to "all damages," cannot be interpreted to include attorney's fees, with the exception of those attorney's fees incurred in collateral litigation. It is a long-held common law rule in Missouri that attorney's fees are not ordinarily recoverable as damages, unless incurred in collateral litigation. *Rook v. John F. Oliver Trucking Co.,* 505 S.W.2d 157, 161 (Mo. App.1974). Thus, to interpret § 320.307 in its reference to "additional damages" to include attorney's fees in this case would run counter to the common law. Statutes are to be construed in a way that synchronizes their meaning with the existing common law. *Conrad v. Bowers,* 533 S.W.2d 614 (Mo.App.1975).

In reviewing a case tried by the court without a jury, the judgment of the trial court will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). In the case at bar, the trial court erred in interpreting § 320.307 in allowing attorney's fees to respondent. Thus, the trial court's judgment awarding $600.00 in damages to respondent is affirmed. However, the trial court's award of $200.00 in attorney's fees to respondent is reversed.

So ordered.

All concur.