The DAVID RANKEN, JR. TECHNICAL INSTITUTE, Plaintiff/Respondent,

v.

Billie BOYKINS, License Collector of the City of St. Louis, Missouri, Defendant/Appellant.

No. 73444.

Supreme Court of Missouri, En Banc.

Sept. 10, 1991.

Paul Edward Martin, Sp. City Counselor, St. Louis, for defendant/appellant.

Juan D. Keller, Harry Charles, St. Louis, for plaintiff/respondent.

FLAKE L. McHANEY, Senior Judge.

Billie Boykins, License Collector for the City of St. Louis, Missouri, appeals from the judgment of the Circuit Court of the City of St. Louis, which found The David Ranken, Jr. Technical Institute not subject to the city license tax of the City of St. Louis and ordered that the taxes paid under protest be refunded together with the allowance of an attorney's fee in favor of Ranken. After having paid the tax assessed under protest, Ranken filed a declaratory judgment suit seeking a declaration that it is exempt from the city's business license tax, for recovery of the taxes paid under protest and an award of attorney's fee. The Missouri Court of Appeals, Eastern District, correctly found that the case involves construction of the revenue laws of this state, and, therefore, under the provisions of Missouri Constitution, article V, section 11, transferred the cause to this Court.

We affirm the judgment of the circuit court finding that Ranken is not subject to the license tax but reverse the judgment that granted Ranken an attorney's fee.

The case was submitted on stipulated facts and on the affidavit of one Ben H. Ernest, president of The David Ranken, Jr. Technical Institute, which was incorporated on October 16, 1907, as a Missouri charitable corporation. Its only function has been as a charitable and educational school to teach young people in manual and mechanical trades. It has qualified for and has been treated as a charity by all relevant taxing authorities. It is exempt from City of St. Louis property taxes, State of Missouri sales and use taxes and United States income and excise taxes, including taxes on fuel and communications.

The City of St. Louis enacted City Ordinance 60643. Section 1 of that ordinance reads in part:

There is hereby imposed ... a graduated business license tax on all merchants, manufacturers, businesses, avocations, pursuits and callings that are not exempt from the payment of licenses by law.

This city ordinance was enacted pursuant to section 92.045.1, RSMo 1986. This section provides in part:

Any constitutional charter city in this state ... is hereby authorized, for city and local purposes, to license, tax, and regulate the occupation of merchants, manufacturers, and all businesses, avocations, pursuits, and callings that are not exempt from the payment of licenses by law....

Ranken contends that it is not subject to a city license tax because of the provisions of section 71.620.1, RSMo 1986, which reads as follows:

Hereafter no person following for a livelihood the profession or calling of minister of the gospel, duly accredited Christian Science practitioner, teacher, professor in a college, priest, lawyer, certified public accountant, dentist, chiropractor, optometrist, chiropodist, or physician or surgeon in this state, shall be taxed or made liable to pay any municipal or other corporation tax or license fee of any description whatever for the privilege of following or carrying on such profession or calling, any law, ordinance or charter to the contrary notwithstanding.

The above section does not define "person," nor has it been defined by any court. However, section 1.020(11), RSMo Supp. 1988, provides:

As used in the statutory laws of this state, unless otherwise specially provided or unless plainly repugnant to the intent of the legislature or to the context thereof:

* * *

(11) The word "person" may extend and be applied to bodies politic and corporate, and to partnerships and other unincorporated associations....

Since this was a court-tried case, the standard of review of this appeal is that of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). However, since the issue of taxation was submitted on stipulation of fact, and the facts are not contested, the only questions presented as to that issue are whether the court below erroneously declared or erroneously applied the law. As to the issue of attorney's fee, the additional question presented is whether the judgment is supported by substantial evidence.

 Appellant points to the rule of law that a tax exemption provision is to be construed strictly against the party who claims the exemption. *Shell Oil Co. v. Director of Revenue*, 732 S.W.2d 178, 183 (Mo. banc 1987). In *Spudich v. Director of Revenue*, 745 S.W.2d 677, 682 (Mo. banc 1988), it is said that exemptions from taxation are the exception and that the burden is on the taxpayer to prove that his property falls within an exempted class. There is a competing rule of construction and that is that taxing statutes are read strictly against the taxing authority and in favor of the taxpayer. *Southwestern Bell Telephone Co. v. Mahn*, 766 S.W.2d 443, 445 (Mo. banc 1989). If the statute is clear and unambiguous, there is no room for construction. *Community Federal Savings & Loan v. Director of Revenue*, 752 S.W.2d 794, 798 (Mo. banc 1988).

The case of *Petrolene, Inc. v. City of Arnold*, 515 S.W.2d 551, 553 (Mo.1974), dealt with a city license tax and quoted with approval the following:

[A] grant by the legislature of the taxing power to a municipal corporation is to be strictly construed.... [U]nless the business avocation, pursuit, or calling sought to be taxed by the municipal corporation is specifically named as taxable in the charter, or unless such power is conferred by statute, the power to tax is not clearly and unambiguously delegated, and therefore consistent with the general sound policy of the law, it cannot be exercised.

We therefore have competing rules of statutory construction. If Ranken is to rely on the exemption set forth in section 71.620.1, such exemption therein provided is strictly construed against Ranken. However, on the other hand, the licensing tax set forth in the St. Louis City ordinance is to be strictly construed against the city. There is to be no ambiguity that Ranken was intended to be taxed under the ordinance and that the taxing power exists. If one would assume that the exemption statute is ambiguous as applied to this school, strict construction against the party claiming the exemption might deny the exemption to the school. However, since the taxing ordinance incorporates the exemption statute, it would appear that the taxing statute would be ambiguous, and applying strict construction against the taxing authority might require that the taxing power be denied. No case has been cited to us, nor have we been able to find one, which articulates the proper application for the two rules in that situation.

Appellant contends that section 71.620.1, which exempts teachers from a license tax, is limited to a person; that "person" means a natural person and does not include a corporation; that section 1.020(11) does not apply because to extend the word "person" to a corporation would be "repugnant to the intent of the legislature or to the context thereof." Appellant's claim of repugnancy is that a corporation cannot "follow for a *livelihood* the profession of minister ... teacher, professor, ... priest, lawyer, ... physician...." (Emphasis added.)

"Livelihood" is not a precise term with a precise legal meaning. It has not been defined by any Missouri court, nor has any case been called to our attention that does define it. The common definition of "livelihood" is means of support or subsistence. *Webster's Third New International Dictionary* (1961). As applied to a corporation, we believe "livelihood" means that which permits it to continue its existence and which permits it to subsist. It should be remembered that section 1.020(11) provides that "person" may extend to a corporation "unless *plainly* repugnant to the intent of the legislature...." (Emphasis added.) We do not find the term "liveli-

hood" within the exemption statute plainly repugnant to extending the word "person" to include corporations.

If appellant is correct, this would mean that a physician practicing alone would not be subject to the city license tax, but should he utilize a professional corporation, it would be. Also, this would mean that if a physician would engage in partnership with other doctors, the doctors could not be charged with a license tax but the partnership could. Appellant admits this is her position. We find this to be an absurd result. The ramification of that result would be staggering.

It is presumed that in the enactment of laws, the legislature does not intend to enact absurd laws. *Rothschild v. State Tax Commission*, 762 S.W.2d 35, 37 (Mo. banc 1988). Statutory construction is favored that avoids unjust or unreasonable results. *State ex rel. McNary v. Hais*, 670 S.W.2d 494, 495 (Mo. banc 1984). This Court is obligated to ascertain the intent of the legislature from the language used and to give effect to that intent without arriving at an absurd result. The law favors statutory construction that harmonizes with reason and that tends to avoid absurd results. *State ex rel. Trautman v. Farmington*, 799 S.W.2d 638, 642 (Mo.App.1990). *See also State ex rel. Zoological Pk. Subd., St. Louis v. Jordan*, 521 S.W.2d 369, 372 (Mo.1975). We do not believe that it was the intent of the legislature to prevent a city from enacting a licensing tax upon teachers and doctors and the other occupations therein named but permit it to enact a licensing tax if those professions chose to incorporate. It would be unreasonable to believe that the prohibition can be circumvented by the city's passing a licensing tax that would not impose a tax upon the teachers but upon the charitable school for whom they work; nor upon a doctor but upon his professional corporation. The construction of the exemption statute advocated by appellant would so weaken that statute that it would invite an assault upon it by the cities of Missouri limited only by the ingenuity of the human mind.

Appellant relies on the case *State v. Pittsburgh Testing Laboratory Corp.*, 203 La. 147, 13 So.2d 710 (1943). That corporation employed chemists who were specifically exempt by statute from the payment of Louisiana licensing tax, and the corporation claimed immunity from the tax on the basis of that exemption. That court found that the word "person" in the exemption statute did not apply to corporations. That case might be persuasive except for the fact that Missouri, unlike Louisiana, has section 1.020, which directs that the word "person" may mean corporation unless such construction would be plainly repugnant to the intent of the legislature. Also, see *Hospital Council of Western Pennsylvania v. City of Pittsburgh*, 439 Pa. 295, 266 A.2d 619 (1970), in which the Supreme Court of Pennsylvania rejected an attempt by the City of Pittsburgh to impose a license tax on a charity. The exemption statute in that case exempted *property* of charities, and the court construed this exemption to apply to a license tax and stated: "If the Legislature had intended to now allow many governmental units to tax charities, we believe that it would have acted in a more direct fashion. . . . Indeed, we have long held that broad taxing statutes do not cover charities unless the Legislature specifically so states." 266 A.2d at 620.

We note that section 137.100, RSMo, exempts from state, county or local taxation "[a]ll property, real and personal, actually and regularly used exclusively . . . for schools and colleges, or for purposes purely charitable and not held for private or corporate profit. . . ." The regulation of charitable organizations has been reserved by the state as demonstrated by chapters 352, 355, and 407, RSMo. Although none of these statutes deals with a licensing tax, they do demonstrate the legislative intent to protect charitable schools from imposition of taxes and are therefore relevant in considering the legislative intent in applying the exemption statute to a charitable school. It is unreasonable to believe that the legislature intended to exempt this charitable school from all property taxes, sales taxes, use taxes, income and excise

taxes but not a city licensing tax within the exemption set forth in section 71.620.1. It is also unreasonable to believe the legislature intended to permit the city to regulate charitable schools.[1]

We therefore find that this charitable school is exempt from the city license tax under the provisions of section 71.620.1. In view of this holding it is unnecessary to determine whether this not-for-profit school is a "business, avocation, pursuit, or calling" that the city may license and tax under its ordinance, unless exempt.

■ This declaratory judgment suit initiated by Ranken sought and obtained a judgment for attorney's fee. This award of attorney's fee must be affirmed if supported by substantial evidence unless it erroneously applied the law. *Murphy v. Carron,* 536 S.W.2d at 32. The rule at common law in actions at law is that the successful litigant is not automatically entitled to an attorney's fee because the justice of his claim has been established. Generally, attorneys' fees were not awarded. *Arnold v. Edelman,* 392 S.W.2d 231, 239 (Mo. 1965). Missouri has adopted the American Rule; that is, absent statutory authorization or contractual agreement, with few exceptions, each litigant must bear his own attorney's fee. *Mayor, Councilmen, & Citizens v. Beard,* 636 S.W.2d 330, 331 (Mo. banc 1982).

■ Missouri courts have limited the exceptions to those cases involving "very unusual circumstances" or where the natural and proximate result of a breach of duty is to involve the wronged party in collateral litigation. *Johnson v. Mercantile Trust Co. National Ass'n,* 510 S.W.2d 33, 40 (Mo.1974). Sometimes the term "special circumstances" has been used. *Temple Stephens Co. v. Westenhaver,* 776 S.W.2d 438, 442 (Mo.App.1989).

■ The declaratory judgment statutes under chapter 527 make no reference to attorneys' fees. However, several cases have recognized that attorneys' fees may be awarded as costs under section 527.100, RSMo 1986, where very unusual circumstances have been shown. *Beard,* 636 S.W.2d at 331. In the absence of contract or statute, our courts have rarely found the very unusual circumstances that permit the award of attorneys' fees. Such fees have been denied in cases of an improper tax assessment,[2] when a defendant tendered a check on insufficient funds with an intent to defraud,[3] when defendants tortiously conspired and threatened to wrongfully foreclose on notes and deeds of trust,[4] and when defendants fraudulently concealed the existence of an outstanding deed of trust on a house.[5] Such fees have more often been approved where paid out of a *res* and the litigation was designed to benefit the *res* or give direction to the management or distribution thereof. *Bernheimer v. First Nat. Bank of Kansas City,* 359 Mo. 1119, 225 S.W.2d 745, 755 (1949). More recent cases have recognized that attorneys' fees may be allowed where the natural and proximate result of a breach of duty is to involve the wronged party in collateral litigation. *Johnson,* 510 S.W.2d at 40. *Temple Stephens,* 776 S.W.2d at 443.

■ Ranken's claim of unusual circumstance justifying the award of attorney's fee is "because of appellant's reckless and punitive assessment of a license fee...." This is a case of first impression. The assessment was not frivolous, nor was it without substantial legal grounds. There was no evidence that this was a reckless and punitive assessment of the license tax. Ranken also suggests that it has been targeted as a test case. Assuming we believe this would constitute a very unusual circumstance, (and we do not make that as-

---

1. It is to be noted that § 92.045, which authorizes a city license tax on businesses, avocations, pursuits, and callings not exempt by law, also authorizes the city to regulate them.

2. *Ashworth v. Schneider,* 667 S.W.2d 16, 17 (Mo. App.1984).

3. *Tanner v. Gash,* 583 S.W.2d 269, 271 (Mo.App. 1979).

4. *Wilner v. O'Donnell,* 637 S.W.2d 757, 762 (Mo. App.1982).

5. *Osterberger v. Hites Const. Co.,* 599 S.W.2d 221, 230 (Mo.App.1980).

sumption), the record is devoid of any evidence to support that claim. The trial judge who made the allowance of an attorney's fee stated at the hearing on attorney's fee that he had the "feeling" that Ranken was the victim of a deliberate city scheme. There may be speculation or even suspicion that Ranken was chosen instead of Washington University or St. Louis University or any of the numerous church schools in St. Louis. However, this Court cannot approve a judgment based on a "feeling" or speculation or suspicion. The record is devoid of any facts that would support very unusual circumstances. We therefore reverse the order granting respondent an attorney's fee.

The judgment is affirmed in all respects except it is reversed as to the allowance of an attorney's fee in favor of respondent.

ROBERTSON, C.J., RENDLEN, COVINGTON, HOLSTEIN and BLACKMAR, JJ., and HIGGINS, Senior Judge, concur.

BENTON, J., not participating because not a member of the Court when case was submitted.