ST. LOUIS COUNTY, Missouri, Plaintiff,

v.

**TAYLOR–MORLEY, INC.,**
**Defendant/Appellant,**

and

**Dennis C. Green, Defendant/Respondent.**

No. 68069.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 4, 1996.

Michael Waxenberg and Thomas W. Werhle, Susman, Schermer, Rimmel & Shifrin, L.L.C., St. Louis, for appellant.

Franklin H. Albrecht, St. Louis, for respondent.

CRANDALL, Judge.

■ Defendant, Taylor–Morley, Inc. (Taylor–Morley), appeals from the judgment of the trial court, entered in a court-tried case, in favor of defendant, Dennis C. Green (Green), on Green's cross-claim against Taylor–Morley in an action brought by plaintiff, St. Louis County, against both defendants. We affirm.

Appellate review of a court-tried case is governed by *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.banc 1976). The evidence established that Green contracted with Taylor–Morley in September 1988 for the purchase of real property known as 12725 Bennington Common Lane (residence), which was located in an unincorporated area of St. Louis County. The sales contract provided that the rear exterior walls of the basement and first floor of the residence be extended four feet. These extensions constituted modifications of the model which Taylor–Morley offered for sale and also deviations from the master plan on file with and approved by St. Louis County (County). Prior to constructing the residence with the modifications, however, Taylor–Morley did not file amended plans with the County or obtain County approval for the changes to the master plan. Green closed on the purchase of the residence in March 1989, paying a total of $129,215.00.

In March 1991, the County issued Taylor–Morley a notice that the residence, as constructed, contained certain violations of the County's building codes and ordinances. When Taylor–Morley failed to respond to this notice, the County issued a final notice of the violations in April 1991. When the County informed Taylor–Morley of its intent to bring an action to force the abatement of the violations, Taylor–Morley applied for and was granted a permit to build the residence in accordance with the amended plans. Green was unaware of Taylor–Morley's application for such a permit. In July 1991, Green requested from Taylor–Morley a copy of the permit and a written proposal for correcting the code violations. Taylor–Morley gave Green a copy of the permit, but its attempts to contact Green about performing the remedial work were unsuccessful. Taylor–Morley did not perform the work to abate the violations.

In October 1991, the County brought an action against Taylor–Morley and Green. The petition alleged that Taylor–Morley did not construct the residence in accordance with either the original or amended plans approved by the County. The County sought injunctive relief against Taylor–Morley and Green to force them to abate the code violations. Green filed a cross-claim against Taylor–Morley, seeking not only actual damages for breach of warranty of habitability and fraud but also punitive damages.

The case was court-tried. On December 30, 1991, the trial court entered two orders, each of which the court characterized as a "judgment." The trial court designated one judgment as entered on Green's cross-claim against Taylor–Morley and awarded Green a total of $68,901.86 in damages, to wit: $49,215.00 for the diminution in value of the residence; $6,236.86 for the costs of moving and storage of his personal property during the repairs to the residence; $3,150.00 for alternative housing during the repairs; and $10,300.00 for attorney's fees to defend the action brought by County. The trial court designated the other judgment as rendered on the County's action for injunctive relief and ordered Green to abate all violations of the County codes within six months. In that judgment, the court also found in favor of Green and against Taylor–Morley "as and for the reasonable costs to abate the aforesaid violations" in the sum of $4,674.61, which amount the court stated was "in addition to the judgment entered in favor of [Green] and against [Taylor–Morley] in the sum of [$68,901.86] entered in the First Amended Cross-claim of [Green]."

Taylor–Morley only appeals from the judgment of $68,901.86 which the trial court entered against it on Green's cross-claim. It does not appeal from the judgment entered on the County's action, which has been satisfied. It should be noted that there was never a request by any of the parties to the action seeking injunctive relief for damages in the amount of $4,674.61.

In its first point, Taylor–Morley contends the trial court erred in entering two separate money judgments in the amounts of $68,901.86 and $4,674.61 against it and in favor of Green. It argues that it was improper for the trial court to enter more than one award of damages in favor of Green.

Generally, in cases on claims, counterclaims, and cross-claims, there can be separate findings on the claims embodied in a single judgment. *Riddle v. Dean Machinery Co.*, 564 S.W.2d 238, 259 (Mo.App.1978). Where separate trials are not ordered or had, there should be only one final judgment which should dispose of all parties and all issues. *White River Dev. Co. v. Meco Systems, Inc.*, 837 S.W.2d 327, 334 (Mo.App. S.D.1992).

Green argues that *Riddle* precludes the entry of a single judgment in the instant action because of the existence of a three-party situation. In *Riddle,* an intervenor established equitable liens against the interests of plaintiff-Riddle in certain items of construction equipment. *Riddle,* 564 S.W.2d at 241. Riddle sought to recover that equipment, by replevin, from defendant-Dean. *Id.* The trial court assessed the value of the property sought to be replevied, entered judgment in favor of Riddle for possession or, in the alternative, for the value of the property. *Id.* at 255–256. Dean was awarded money damages on a counterclaim against Riddle. *Id.* at 255. Dean complained that the court entered separate money judgments, rather than one single judgment. *Id.* at 259.

The *Riddle* court acknowledged that in cases on claims and counterclaims, generally there would be separate findings on the plaintiff's claim and on the defendant's counterclaim embodied in a single judgment. *Id.* The proper form of the judgment in those types of cases is for the trial court to recite the findings and to conclude with a judgment for the party in whose favor the greater finding was made, and for the sum which represents the excess of his finding over that of his adversary. *Id.* The appellate court found, however, that one judgment was not appropriate in the *Riddle* case, because the equitable liens of the intervenor precluded the entry of one award of damages offsetting

the respective awards to Riddle and Dean. *Id.* at 260. The intervenor's liens were against Riddle's interests in the property that was the subject of Riddle's claim against Dean. *Id.* The court held that Riddle's money damages, which were attributable to his loss of possession of the equipment and were subject to the intervenor's liens, could not be offset against other damages that were not affected by the intervenor's liens. *Id.*

The *Riddle* case, however, is not dispositive of the case before us. The three-party situation in *Riddle* arose as a result of a third party intervening in the original action between Riddle and Dean. Because the rights of the intervenor were limited to the rights of Riddle against Dean, Dean was not faced with multiple exposures for a single claim. *Id.* at 260. In contrast, the instant action involves two distinct actions: one an equity action in which the County sought a permanent injunction against both Green and Taylor–Morley to abate certain violations of the County's building codes; and the other an action at law in which Green cross-claimed against Taylor–Morley for monetary damages incurred as a result of Taylor–Morley's violating the building codes. The trial court entered one judgment for monetary damages in favor of Green on his cross-claim and another judgment for money damages in favor of Green on County's claim. The damages, although awarded in two distinct actions, nevertheless arose as a result of Taylor–Morley's failure to comply with the County's building codes and the requisite abatement of the violations. The trial court's two awards of separate money damages to Green subjected Taylor–Morley to double exposure for its act of failing to comply with the County's building codes.

The trial court should have entered only one judgment with a finding on Green's cross-claim against Taylor–Morley and a separate finding on the County's claims against Green and Taylor–Morley. The trial court erred in entering two judgments for money damages in favor of Green and against Taylor–Morley. The judgment the trial court entered on Green's cross-claim against Taylor–Morley in the amount of $68,901.86, which judgment is the subject of this appeal,

therefore stands; the judgment the trial court entered in favor of Green on the County's claim in the amount of $4,674.61, which was not challenged on appeal, is void. That portion of Taylor–Morley's first point which challenges the entry of two judgments for money damages in favor of Green is granted.

▮ Taylor–Morley also charges error in the trial court's use of the diminution in value of Green's residence as the measure of damages. It contends that measure of damages was improper and was unsupported by the evidence.

▮ Taylor–Morley's argument regarding the diminution in value measure of damages is without merit. In an action for breach of implied warranty of habitability of a newly constructed home, the general rule for the measure of damages is whichever is lower, as between the cost of repair and the diminution of value. *Crawford v. Whittaker Const., Inc.,* 772 S.W.2d 819, 822 (Mo.App.1989). Diminution in value is the difference in value of the home if it had been constructed properly, compared with its actual value as constructed. *Id.* The rationale underlying this rule is that homeowners are entitled to recover as damages only a sum which is equivalent to performance of the bargain—to be placed in the position they would have been in had the contract been fulfilled in a workmanlike manner. *Id.* The trial court did not err in using diminution in value as the measure of damages.

▮ Moreover, Taylor–Morley's argument that the diminution in value measure of damages was not supported by expert testimony is also without merit. A homeowner is qualified to express an opinion upon the diminution in value in his property. *Id.* at 823. Such an expression of opinion is admissible and of probative value. *Id.* The weight and value given to such opinion testimony is, of course, left to the trier of fact. *Id.* Green's own testimony established the decrease in the value of his residence. Thus, the trial court's assessment of damages was supported by the evidence. That portion of Taylor–Morley's first point which challenges the measure of damages is denied.

In its second point, Taylor–Morley contends that, because of the existence of overlapping items for which Green was compensated in the two judgments, the trial court erred in failing to offset the amounts awarded in the two judgments and to enter one net judgment. Taylor–Morley seeks an offset for the duplicated items in the total amount of $38,042.14.

Although Taylor–Morley points to specific building code violations for which Green allegedly was compensated twice, it is uncertain from the record that the trial court awarded double damages for those violations. Because no findings of fact were requested or made on the claims of the County, it is unclear that the trial court compensated Green twice for the identical items. Thus, Taylor–Morley's figure of $38,042.14, the amount to which it claims it is entitled as a setoff, is not supported by the record before us.

▮ Taylor–Morley, however, is entitled to a setoff or credit in the amount which it has already paid to Green, despite the fact that the money was paid pursuant to a judgment which we declared void under the first point of this appeal and under which it had no obligation to pay. Taylor–Morley is entitled to have the judgment of $68,901.86 awarded to Green on his cross-claim reduced by $4,674.61, the amount it has already paid to Green. Taylor–Morley thus owes Green the remaining $64,127.25 on the judgment the trial court properly entered on Green's cross-claim. Taylor–Morley's point regarding setoff is granted to that extent.

▮ Taylor–Morley's last point challenges the trial court's award of attorney's fees to Green. The court awarded Green "his reasonable attorney's fees and costs incurred in connection with defending the collateral action brought by [County] in the sum of [$10,-300.00]. . . ."

▮ Missouri follows the American Rule; that is, absent statutory authorization or contractual agreement, with few exceptions, each litigant must bear his own attorney's fees. *David Ranken, Jr. Technical Inst. v. Boykins,* 816 S.W.2d 189, 193 (Mo.banc 1991). The exceptions are limited to those

cases involving "very unusual circumstances" or where the natural and proximate result of a breach of duty is to involve the wronged party in collateral litigation. *Id.*

▮ Here, no statute or contractual agreement exists authorizing an award of attorney's fees. The only question is whether the action involves either special circumstances or collateral litigation which justify an award of attorney's fees to Green. Attorney's fees may be allowed in cases where they are incurred because of involvement in collateral litigation. *Adams v. Kerr,* 655 S.W.2d 49, 54 (Mo.App.1983). To be awarded attorney's fees incurred as a result of collateral litigation, the wronged party must show that the litigation was the natural and proximate result of the wrong or breach of duty by the other party, that the fees were necessarily and in good faith incurred to protect the wronged party from injury, and that the amount of the fees was reasonable. *Id.*

The record in the instant action is sufficient to support the trial court's award of attorney's fees. Green was involved in collateral litigation with the County as a result of Taylor–Morley's failure to provide a residence to Green which complied with the applicable building codes. As a direct and proximate result of Taylor–Morley's breach of its duty to Green, Green incurred attorney's fees in defending the action brought against it by the County to abate the violations of the building codes. Green presented evidence as to the amount of attorney's fees attributable to his defense of the action brought by the County, which evidence was not contradicted by Taylor–Morley. The trial court awarded an amount which it deemed reasonable for attorney's fees. Taylor–Morley's third point is denied.

The judgment of the trial court is affirmed.

CRAHAN, P.J., and DOWD, J., concur.