The Honorable Gracia Y. Backer State Representative, District 20 State Capitol Building Jefferson City, Missouri 65101
and
The Honorable Don Lograsso State Representative, District 54 State Capitol Building Jefferson City, Missouri 65101
Dear Representative Backer and Representative Lograsso:
Each of you has requested an opinion of this office in response to the following question:
 If the General Assembly disapproves by concurrent resolution the November 30, 1996, Compensation Schedule prepared by the "Missouri Citizen's Commission on Compensation for Elected Officials", are those officials listed in the Compensation Schedule prohibited by Article XIII, Section 3 of the Missouri Constitution from receiving compensation after July 1, 1997?
Article XIII, Section 3 of the Missouri Constitution creates a commission to be known as the "Missouri Citizen's Commission on Compensation for Elected Officials" (hereinafter referred to as the "Commission"). Subject to the provisions set forth in that constitutional section, the Commission prepares a schedule showing the compensation for elected state officials, members of the general assembly and judges except for municipal judges. The Commission issued a report dated November 30, 1996. A Compensation Schedule was attached to that report as Appendix A. The issue for consideration is whether those officials listed in the Compensation Schedule are prohibited by Article XIII, Section 3 from receiving compensation after July 1, 1997, if the General Assembly disapproves by concurrent resolution the Compensation Schedule attached to the Commission's report dated November 30, 1996.
Your question apparently arises as a result of language contained in Article XIII, Section 3. The relevant provisions of Section 3 state:
 Section 3. Compensation of state elected officials, general assembly members and judges to be set by Missouri Citizens Commission on Compensation — members qualifications, terms, removal, vacancies, duties — procedure. 1. Other provisions of this constitution to the contrary notwithstanding, in order to ensure that the power to control the rate of compensation of elected officials of this state is retained and exercised by the tax paying citizens of the state, after the effective date of this section no elected state official member of the general assembly or judge, except municipal judges, shall receive compensation for the performance of their duties other than in the amount established for each office by the Missouri citizen's commission on compensation for elected officials
established pursuant to the provisions of this section. The term "compensation" includes the salary rate established by law, mileage allowances, per diem expense allowances.
 2. There is created a commission to be known as the "Missouri Citizen's Commission on Compensation for Elected Officials". . . .
* * *
 8. The commission shall, beginning in 1996, and every two years thereafter, review and study the relationship of compensation to the duties of all elected state officials, all members of the general assembly, and all judges, except municipal judges, and shall fix the compensation for each respective position. The commission shall file its initial schedule of compensation with the secretary of state and the revisor of statutes no later than the first day of December, 1996, and by the first day of December each two years thereafter. The schedule of compensation shall become effective unless disapproved by concurrent resolution adopted by the general assembly before February 1 of the year following the filing of the schedule. Each schedule shall be published by the secretary of state as a part of the session laws of the general assembly and may also be published as a separate publication at the discretion of the secretary of state. The schedule shall also be published by the revisor of statutes as a part of the revised statutes of Missouri. The schedule shall, subject to appropriations. apply and represent the compensation for each affected person beginning on the first day of July following the filing of the schedule. In addition to any compensation established by the schedule, the general assembly may provide by appropriation for periodic uniform general cost-of-living increases or decreases for all employees of the state of Missouri and such cost-of-living increases or decreases may also be extended to those persons affected by the compensation schedule fixed by the commission. No cost-of-living increase or decrease granted to any person affected by the schedule shall exceed the uniform general increase or decrease provided for all other state employees by the general assembly.
* * *
 10. Until the first day of July next after the filing of the first schedule by the commission, compensation of the persons affected by this section shall be that in effect on the effective date of this amendment.
 11. Schedules filed by the commission shall be subject to referendum upon petition of the voters of this state in the same manner and under the same conditions as a bill enacted by the general assembly.
[Emphasis added.]
In construing constitutional provisions:
 . . . the instrument must be read as a whole, insofar as other parts may throw light on other parts thereof. . . . "If a literal interpretation of the language used in a constitutional provision would give it an effect in contravention of the real purpose and intent of the instrument as deduced from a consideration of all its parts, such intent must prevail over the literal meaning. * * *" 12 C.J., Constitutional Law, § 44, p. 702; See, also, 16 C.J.S., Constitutional Law, § 16. State ex rel. City of Carthage v. Hackmann, 287 Mo. 184, 229 S.W. 1078. "Where the spirit and intent of the instrument can be clearly ascertained, effect should be given to it, and the strict letter should not control if the letter leads to incongruous results clearly not intended." State ex rel. Ward v. Romero, 17 N.M. 88, 100, 125 P. 617, 621.
State ex rel. Moore v. Toberman, 250 S.W.2d 701, 705 (Mo. banc 1952). "A constitutional provision should never be given a construction which would work . . . confusion and mischief unless no other reasonable construction is possible." Three RiversJunior College District of Poplar Bluff v. Statler, 421 S.W.2d 235,242 (Mo. banc 1967); accord Toberman, 250 S.W.2d at 705.
"Rules for the interpretation of statutes apply with equal force to the constitution." Spradlin v. City of Fulton,924 S.W.2d 259, 262 (Mo. banc 1996). "[T]he law favors the construction of statutes which is in harmony with reason and common sense and which tends to avoid unreasonable and absurd results." In Interest of B.C.H., 718 S.W.2d 158, 162 (Mo.App. 1986). "It is presumed that in the enactment of laws, the legislature does not intend to enact absurd laws. . . . Statutory construction is favored that avoids unjust or unreasonable results. . . . [A] Court is obligated to ascertain the intent of the legislature from the language used and to give effect to that intent without arriving at an absurd result. The law favors statutory construction that harmonizes with reason and that tends to avoid absurd results." David Ranken Jr. Technical Institute v.Boykins, 816 S.W.2d 189, 192 (Mo. banc 1991).
In construing Article XIII, Section 3, we look to the section as a whole. Subsection 1 states in part: "[A]fter the effective date of this section no [enumerated officials] shall receive compensation for the performance of their duties other than in the amount established for each office by the [Commission]." Subsection 8 provides in part: The Compensation Schedule "shall, subject to appropriations, apply and represent the compensation for each affected person beginning on the first day of July following the filing of the schedule." However, subsection 8 states that "[t]he schedule of compensation shall become effective unless disapproved by concurrent resolution adopted by the general assembly before February 1 of the year following the filing of the schedule." Subsection 11 provides the Compensation Schedule is subject to referendum upon petition of the voters of the state. Subsections 8 and 11 recognize that the November 30, 1996, Compensation Schedule prepared by the Commission may be disapproved by the General Assembly or by the voters of this state.
If the General Assembly or voters exercise their constitutional right to disapprove the Compensation Schedule, the consequences of disapproval should not be unreasonable and absurd. The constitutional provision provides for the Compensation Schedule to not take effect if disapproved by the General Assembly or the voters. For the discretion to disapprove the Compensation Schedule to be meaningful, the consequences of disapproval should not work confusion and mischief.
Considering the constitutional section as a whole, we conclude that the section intends the Compensation Schedule to be subject to possible disapproval by the General Assembly or the voters. To interpret the section as requiring nothing more than a "rubber stamp" by the General Assembly or the voters in order to avoid an absurd and unreasonable result, creating confusion and mischief, would be inconsistent with the discretion vested in the General Assembly and the voters by the constitutional section. There is currently in place authority for compensation for the officials enumerated in Article XIII, Section 3. Subsection 10 of Article XIII, Section 3 provides that compensation to be in effect until the first day of July next after the filing of the first Compensation Schedule of the Commission. If the November 30, 1996, Compensation Schedule is disapproved by the General Assembly as provided in subsection 8, there is no Compensation Schedule prepared by the Commission in effect on July 1, 1997, so the compensation of the enumerated officials would be pursuant to the constitutional provisions and statutes that otherwise set their compensation.
CONCLUSION
It is the opinion of this office that if the General Assembly disapproves by concurrent resolution the November 30, 1996, Compensation Schedule prepared by the "Missouri Citizen's Commission on Compensation for Elected Officials", Article XIII, Section 3 of the Missouri Constitution does not prohibit those officials listed in the Compensation Schedule from receiving compensation after July 1, 1997.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General