

# In the Missouri Court of Appeals
## Western District

JEFFREY HENRY, et al.,       )
                Appellants,  )
v.                         )        **WD76953**
                         )
FARMERS INSURANCE COMPANY,  )        FILED: July 22, 2014
INC.,                   )
            Respondent.  )

## APPEAL FROM THE CIRCUIT COURT OF PLATTE COUNTY
### THE HONORABLE OWENS L. HULL, JR., JUDGE

### BEFORE DIVISION ONE: MARK D. PFEIFFER, PRESIDING JUDGE, LISA WHITE HARDWICK AND KAREN KING MITCHELL, JUDGES

Jeffrey Henry and Elizabeth Edmundson (collectively, "Appellants") appeal from the summary judgment in favor of Farmers Insurance Company, Inc., ("Farmers") on their petition for declaratory judgment, attorney's fees, and breach of fiduciary duty. Appellants contend the circuit court erred in granting Farmers' summary judgment motion because (1) their declaratory judgment claim was not moot; (2) they demonstrated special circumstances entitling them to attorney's fees; and (3) they established the requisite harm to support their breach of fiduciary duty claim. Appellants further assert that the court erred in denying their motion for summary judgment and in ruling that Farmers did not have a legal duty to train its agents on the specific holdings of two Missouri insurance cases. For reasons explained herein, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

In August 2010, Edmundson was involved in a motor vehicle accident with Lucius Oliver. At the time of the accident, Farmers insured Edmundson and Henry under an automobile insurance policy. Oliver submitted a claim to Farmers, as Edmundson's insurer, for the alleged damage to his vehicle. Farmers opened a claims file and conducted an investigation. Farmers denied Oliver's claim in November 2010, after determining that Edmundson was not at fault.

In January 2011, Farmers' claims representative, Cory Cannon, notified Appellants that Oliver had filed an "intercompany arbitration" claiming that Edmundson was liable for the property damage to his vehicle. Cannon informed Appellants that Farmers would defend them in the arbitration and that the arbitration would be binding. Edmundson filed a separate lawsuit against Oliver alleging that his negligence caused the accident and seeking compensation for the damage to her vehicle.

Over the course of the next several months, Appellants' counsel and Cannon exchanged letters concerning the evidence presented in the arbitration proceedings. Appellants' counsel initially sent a letter to Cannon asking for a copy of any documents presented in the arbitration proceeding by Oliver's insurer, Metropolitan General Insurance, so that Appellants could "review the evidence and dispute it if necessary." In response, Cannon informed Appellants' counsel that the evidence in the arbitration proceeding would be presented either by mail or by being electronically uploaded to the arbitration forums' website and that each party would submit a written contention along with their evidence. Cannon further said that each party could read the other's contention but that neither party would be required to disclose their evidence to the

2

other party. Cannon told Appellants' counsel that Farmers would not receive copies of Metropolitan General's evidence.

Appellants' counsel sent a letter to Cannon asking that, if he obtained any arguments or evidence from Metropolitan General, he forward it to Appellants' counsel. Appellants' counsel also told Cannon that he "would be interested in reviewing [Cannon's] contentions and the decision of the arbitrator." Cannon responded by telling Appellants' counsel that he was unable to send a copy of his contentions because "those are considered work product." He did, however, describe the substance of his contentions. Additionally, Cannon told Appellants' counsel that he could not send a copy of the decision because "it contains information about the other party and the panelist which cannot be shared." Cannon said that, when the arbitration hearing was concluded, he would send a detailed explanation of the decision.

Appellants' counsel sent a letter to Cannon asserting that the arbitration process is a part of the "liability claims process/file" and that, under *Grewell v. State Farm Mutual Automobile Insurance Company*, 102 S.W.3d 33 (Mo. banc 2003) ("*Grewell I*"), the claims file belongs to the insured, there is no work product privilege, and the insurer must provide free and open access to the entire file. In *Grewell I*, the insureds brought a declaratory judgment action against their insurer when their insurer denied their request for the contents of the claims file on the basis that it was work product. *Id.* at 34. The circuit court dismissed the cause of action for failure to state a claim. *Id.* On appeal, the Missouri Supreme Court reversed, finding that an insurance claims file "is analogous to the file of a client held by an attorney" and belongs to the insured, and that the insured "should be provided free and open access to that file." *Id.* at 37. Appellants'

3

counsel alleged that, based on *Grewell I*, Cannon had to provide them a copy of the decision and information about the other party and the panelist.

In March 2011, following the conclusion of the arbitration proceeding, Cannon notified Appellants' counsel that the arbitrator had ruled in favor of Farmers and had determined that Edmundson had no fault or liability for the accident. Cannon stated that the arbitration decision was binding and that Farmers had closed the claim.

Appellants' counsel sent a letter to Cannon asking that he provide "all of the other party's evidence and contentions." In response, Cannon again stated that Farmers had not received copies of Metropolitan General's evidence. On March 29, 2011, Appellants' counsel sent another letter stating that "there appears to be a failure to communicate. To simplify this matter, please send a copy of the entire liability claims file in Farmers' possession generated as a result of the adverse party's claim."

After Appellants' counsel requested a copy of the entire claims file, Farmers' Senior Field Claims Representative, Tanya M. Lofquest, contacted Appellants' counsel by telephone to discuss the file. As a result of this conversation, Lofquest sent Appellants' counsel "copies of any statements [Farmers] ha[d] taken, the police report, scene photos and arbitration determination." In response, Appellants' counsel sent Lofquest a letter noting that he had asked her to provide him "a list of the documents which [Farmers] would not produce from the liability claims file and the reasons for not doing so." Appellants' counsel also asked that Lofquest send him certain other documents. When Lofquest responded by sending Appellants' counsel some, but not all, of the additional documents he requested, Appellants' counsel sent Lofquest a certified letter stating, "in light of the lack of response to my previous requests, I am

4

assuming that you are refusing to allow any further access to the liability claims file generated in the above-referenced matter and will act accordingly." Farmers did not respond to this letter.

A month later, in June 2011, Appellants filed suit against Farmers asserting claims based upon Farmers' failure to produce the claims file. In Count I, Appellants asserted a claim for declaratory judgment, in which they asked that the court order Farmers to produce the claims file. In Count II, Appellants alleged that Farmers' failure to produce the claims file constituted a breach of fiduciary duty, which was constructive fraud, and they requested an award of attorney's fees and costs under Sections 527.080 and 527.100, RSMo 2000,[1] of the Declaratory Judgment Act.[2] In Count III, Appellants asserted that Farmers had a duty to train its agents and claims representatives as to Missouri law governing the relationship between an insurer and its insured, specifically, the holdings of *Grewell I* and *Grewell v. State Farm Mutual Automobile Insurance Company*, 162 S.W.3d 503 (Mo. App. 2005) ("*Grewell II*"). Appellants contended that Farmers' failure or refusal to train its employees was in bad faith, without just cause or excuse, intentional, frivolous, and outrageous, entitling them to actual and punitive damages.[3]

---

[1] All statutory references are to the Revised Statutes of Missouri 2000.

[2] Appellants also sought attorney's fees under Section 514.205, which defines and provides a remedy for a "frivolous suit." Because Appellants have not appealed the court's denial of attorney's fees pursuant to this statute, we will not discuss it further.

[3] After the Supreme Court's decision in *Grewell I*, the insurer in *Grewell I* allowed the insureds to review the entire claims file. *Grewell II*, 162 S.W.3d at 505. When the insureds later requested copies of several documents, however, the insurer refused to provide copies of some of the documents on the basis that they were comparable to an attorney's work product. *Id.* at 505-06. The insureds then filed suit against the insurer for declaratory judgment, attorney's fees, and punitive damages based on breach of fiduciary duty. *Id.* at 506. The circuit court granted summary judgment in favor of the insureds on the declaratory judgment count, but it granted summary judgment in favor of the insurer on the remaining counts. *Id.* On appeal, this court reversed summary judgment on the attorney's fees claim, finding that the insurer's continuing to assert the same work product privilege that it had asserted in *Grewell I* without success and

5

In August 2011, Farmers' counsel agreed to produce the entire claims file to Appellants. In September 2011, three months after Appellants filed their petition and six months after their counsel initially requested the entire claims file, Farmers produced a copy of the file to Appellants.

Over a year later, in November 2012, Appellants filed a motion for summary judgment on Count I, their declaratory judgment claim. In their motion, they asserted they were entitled to summary judgment in their favor on this count because, in its answer, Farmers refused to admit certain averments in their petition. Specifically, Farmers refused to admit that, under Missouri law, including the *Grewell* cases, the insurer and the insured have a fiduciary relationship; this fiduciary relationship imposes a clear and well-settled duty upon the insurer to provide the insured with free and open access to the insurance claims file and to permit copying of the documents in the file; and the liability claims file belongs to the insured. Farmers also refused to admit that there was a fiduciary relationship between Appellants and Farmers; the claims file belonged to the Appellants; Appellants had a right of free and open access to the file; and Appellants had a legally protected interest in the file. Lastly, Farmers refused to admit that a justiciable controversy existed, the question was ripe for judicial decision, and Appellants had no adequate remedy at law.

---

that it had already waived by allowing the insureds to review the entire file were circumstances that reasonably supported the allegation that the insurer's defense was "frivolous, reckless, and without substantial legal grounds." *Id.* at 507. We held that these circumstances, combined with the fact that the insurer's breach of its duty to provide the insureds unimpeded access to the claims file necessitated the insureds' filing an amended declaratory judgment action, presented a genuine issue of material fact as to whether there were special circumstances warranting an award of attorney's fees. *Id.* at 507-08. We also reversed summary judgment on the breach of fiduciary duty claim, finding that the insurer's conduct was "directly contrary to the Supreme Court's instruction to provide the insured with unrestricted access to the file" and, therefore, created "an inference of evil motive and reckless conduct" sufficient to support a claim for punitive damages based on breach of fiduciary duty. *Id.* at 509.

Appellants argued in their summary judgment motion that these allegations correctly stated and applied Missouri law and, therefore, were "averments of fact" that Farmers improperly refused to admit. Appellants contended that, based upon these averments, they were entitled to summary judgment on their declaratory judgment claim.

Farmers filed a cross-motion for summary judgment on Count I, asserting that its production of the claims file rendered Appellants' request for declaratory judgment moot and subject to dismissal. In March 2013, the circuit court entered an order granting Farmers' cross-motion for summary judgment. In its order, the court found that Appellants' declaratory judgment claim was moot and that there was no factual dispute existing between the parties with regard to that claim. Therefore, the court entered summary judgment in favor of Farmers and against Appellants on Count I.

In May 2013, Farmers filed a motion for summary judgment on Appellants' remaining claims. In its motion, Farmers argued that it was entitled to summary judgment on Appellants' claim for attorney's fees in Count II because the case involved no circumstances that would justify departing from the rule that each party is to bear its own attorney's fees. Farmers asserted that it was entitled to summary judgment on Appellants' breach of fiduciary duty claim in Count III because Appellants admitted that they suffered no identifiable monetary damages and no medically diagnosable or significant emotional distress. Farmers further argued that, because a punitive damages award is dependent upon an actual award of monetary damages, Appellants could not recover punitive damages on their breach of fiduciary duty claim.

Appellants also filed a motion for partial summary judgment as to Counts II and III of their petition. In their motion, Appellants again argued, as they did in their summary judgment motion on Count I, that Farmers' refusal to admit the averments in their petition stating and applying the holdings of the *Grewell* cases resulted in those averments being deemed admitted, and the admission of these averments entitled them to summary judgment.

Following briefing and oral argument, the court granted Farmers' motion for summary judgment on Counts II and III and denied Appellants' motion for partial summary judgment. With regard to Count II, the court found that Appellants were not entitled to attorney's fees under the Declaratory Judgment Act because they were not granted a declaratory judgment in their favor. The court further found that Appellants had failed to set forth any unusual or special circumstances justifying their request for attorney's fees. As to Count III, the court stated that it was unaware of any "legal duty imposed by the law or otherwise" upon Farmers to train its agents with regard to the specific holdings in the *Grewell* cases. Moreover, the court found that, because a breach of fiduciary duty claim is characterized as fraud, and pecuniary damages are an intrinsic element of fraud, nominal damages would not support a breach of fiduciary duty claim. Therefore, the court found that Farmers was entitled to judgment as a matter of law on Appellants' claims for attorney's fees and breach of fiduciary duty. This appeal followed.

## STANDARD OF REVIEW

Appellate review of a summary judgment is essentially *de novo*. *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We

8

review the record in the light most favorable to party against whom the judgment was entered. *Wills v. Whitlock*, 139 S.W.3d 643, 646 (Mo. App. 2004).

"Summary judgment is appropriate when the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law." *Roberts v. BJC Health Sys.*, 391 S.W.3d 433, 437 (Mo. banc 2013). The defendant establishes the right to judgment as a matter of law by showing one of the following:

> (1) facts negating any one of the claimant's elements necessary for judgment; (2) that the claimant, after an adequate period of discovery, has not been able to--and will not be able to--produce evidence sufficient to allow the trier of fact to find the existence of one of the claimant's elements; or (3) facts necessary to support his properly pleaded affirmative defense.

*Id.* We will affirm a summary judgment under any theory supported by the record. *Id.*

**ANALYSIS**

Appellants raise five points on appeal. For ease of analysis, we address the points out of order to correspond with the order in which the claims were raised in the petition.

### Point III -- Declaratory Judgment Claim

In Point III, Appellants contend the circuit court erred in granting summary judgment in favor of Farmers on their declaratory judgment claim. Appellants argue that the court erroneously determined that the claim was moot at the time of the hearing because Farmers produced copies of the claims file to Appellants shortly after the petition was filed. Appellants assert that, while Farmers' producing copies of the claims file may have mooted their request for coercive relief, the production did not render their entire declaratory judgment claim moot because they had also requested declaratory

9

relief, namely, a declaration that the liability claims file belonged to them and that Farmers had a fiduciary duty to provide them free and open access to the entire file.

Courts of this state do not decide moot causes of action. *State ex rel. Mo. Parks Ass'n v. Mo. Dep't of Natural Res.*, 316 S.W.3d 375, 384 (Mo. App. 2010). "'A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy.'" *Id.* (citations omitted). "Missouri courts do not issue opinions that have no practical effect and that are only advisory as to future, hypothetical situations." *Id.* To grant a declaratory judgment, "[t]here must be a 'presently existing controversy' for 'specific relief.'" *Id.* at 385 (citations omitted). "When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed*." Atteberry v. Mo. Bd. of Prob. & Parole*, 193 S.W.3d 444, 446 (Mo. App. 2006) (internal quotation marks and citations omitted).

Reviewing Appellants' petition, the only specific relief that they requested in their declaratory judgment claim was a judgment "ordering [Farmers] to produce to [Appellants] and their attorney all of the documents and other information in the liability claims files." In pleading that they had no adequate remedy at law, which is a necessary element of a declaratory judgment action, *Grewell I*, 102 S.W.3d at 36, Appellants pled only that they "have no other adequate remedy at law to a declaratory judgment action *to require [Farmers] to produce the said liability claims files*." (Emphasis added.) Although Appellants asserted that they were entitled to the claims file because it belonged to them and Farmers had a fiduciary duty to provide them free

and open access to the entire claims file, they did not ask the court for a judgment making such declarations. Instead, they asked only for the coercive relief of an order compelling Farmers to produce the claims file.[4]

It is undisputed that Farmers produced a copy of the entire claims file to Appellants approximately three months after Appellants filed their petition. Thus, an order compelling Farmers to produce the claims file was unnecessary. Indeed, Appellants have admitted, both in their summary judgment pleadings and in their brief on appeal, that Farmers' production of the claims file rendered their request for coercive relief moot. Point III is denied.

### Point II -- Attorney's Fees

In Point II, Appellants contend the circuit court erred in granting summary judgment in favor of Farmers on their attorney's fees claim. They argue that there were sufficient facts to support an award of attorney's fees based upon "special circumstances."

With regard to attorney's fees awards, Missouri follows the American Rule, which provides that, "absent statutory authorization or contractual agreement, with few exceptions, each litigant must bear his own attorney's fee." *David Ranken, Jr. Tech. Inst. v. Boykins*, 816 S.W.2d 189, 193 (Mo. banc 1991) (*overruled on other grounds by Alumax Foils, Inc. v. City of St. Louis*, 939 S.W.2d 907, 911 (Mo. banc 1997)).

---

[4] *Ex gratia*, we note that, even if we were to construe Appellants' petition as seeking such declarations, we fail to see how such a request would survive a mootness challenge. Appellants admitted that Farmers provided them a copy of the entire claims file and they did not assert that Farmers was presently denying them access to anything in the file; therefore, a judgment declaring that they are entitled to the file and that Farmers has a fiduciary duty to provide them free and open access to their file would not have any practical effect upon any existing controversy. See *Mo. Parks Ass'n*, 316 S.W.3d at 384. Although Appellants assert that they are entitled to the declarations to secure Farmers' "future cooperation" in case they need to access the claims file, such a judgment would be purely advisory as to only a future, hypothetical situation. See *id.*

11

Appellants asserted their claim for attorney's fees under Sections 527.080 and 527.100 of the Declaratory Judgment Act. Section 527.080 provides that the court can grant "[f]urther relief" based on a declaratory judgment "whenever necessary or proper," while Section 527.100 authorizes the court to award "costs as may seem equitable and just."

Neither of these statutes mentions attorney's fees, but cases have recognized that attorney's fees may be awarded as costs in a declaratory judgment action under Section 527.100 where very unusual or special circumstances have been shown. *Ranken,* 816 S.W.2d at 193. The special circumstances exception, however, "is narrow and must be construed strictly." *Goralnik v. United Fire & Cas. Co.*, 240 S.W.3d 203, 210 (Mo. App. 2007). As the Missouri Supreme Court noted, "courts have rarely found the very unusual circumstances that permit the award of attorneys' fees" in the absence of a statutory or contractual provision allowing such fees. *Ranken*, 816 S.W.2d at 193. In *Ranken*, the Court rejected the plaintiff's assertion that the erroneous assessment of a license fee was frivolous, without substantial legal grounds, reckless, or punitive, and the Court found no facts indicating the "very unusual circumstances" necessary to justify an attorney's fees award. *Id.* at 193-94.

Appellants argue that this court's determination in *Grewell II* that there was a genuine issue of material fact regarding whether special circumstances warranting an attorney's fees award existed disposes of this issue in their favor. They assert that the facts of *Grewell II* are "essentially identical" to the facts of this case, except that Farmers' misconduct is even more "frivolous, without substantial legal grounds, reckless, or punitive." We disagree.

12

In *Grewell II*, the insured had already filed a previous action against the same insurer on the same issues, which the insurer resisted all the way to the Missouri Supreme Court. 162 S.W.3d at 507. After the Supreme Court expressly concluded that insurer should provide the insureds with free and open access to their file, the insurer still refused to do so and continued to assert the same rejected arguments. *Id.* The insurer also asserted a privilege that it had already waived. *Id.* This forced the insured to file an amended declaratory judgment action on the same issues on which the plaintiffs had already prevailed in the first action. *Id.* at 507-08.

Unlike the insurer in *Grewell II*, Farmers did not violate any court mandate or order. Farmers did not force Appellants to pursue a claim to the Missouri Supreme Court or to file a second action on the same issues. Farmers also did not improperly assert a privilege that it had already waived. In contrast to the insurer in *Grewell II*, Farmers voluntarily produced the claims file to Appellants three months after Appellants filed this action. The facts creating a genuine issue as to whether there were special circumstances warranting an award of attorney's fees in *Grewell II* are not present here.[5]

Moreover, we note that, under any exception to the American Rule, the litigant must be the prevailing party to be entitled to an award of attorney's fees. *Motor Control*

---

[5] Indeed, the Supreme Court in *Ranken* noted that courts have refused to find very unusual or special circumstances warranting an award of attorney's fees in seemingly more egregious cases:

> Such fees have been denied in cases of an improper tax assessment, when a defendant tendered a check on insufficient funds with an intent to defraud, when defendants tortiously conspired and threatened to wrongfully foreclose on notes and deeds of trust, and when defendants fraudulently concealed the existence of an outstanding deed of trust on a house.

816 S.W.2d at 193 (internal citations omitted).

13

*Specialties, Inc. v. Labor & Indus. Relations Comm'n*, 323 S.W.3d 843, 853 (Mo. App. 2010). "'A litigant may be the prevailing party when he "obtain[s] a settlement,[6] obtain[s] a voluntary dismissal of a groundless complaint, or obtain[s] a favorable decision on a single issue if the issue is one of significance to the underlying case.'" *Id.* at 854 (quoting *Greenbriar Hills Country Club v. Dir. of Revenue*, 47 S.W.3d 346, 353 (Mo. banc 2001)). In this case, the circuit court found that Appellants' declaratory judgment claim was moot -- a finding that we have affirmed. Appellants were not the prevailing party on their declaratory judgment claim and, therefore, were not entitled to attorney's fees. *Gebru v. St. Louis County*, 136 S.W.3d 89, 93 (Mo. App. 2004). The circuit court properly granted summary judgment in favor of Farmers on Appellants' attorney's fees claim. Point II is denied.

### Point I -- Breach of Fiduciary Duty

In Point I, Appellants contend the court erred in granting summary judgment in favor of Farmers on their breach of fiduciary duty claim after finding that, because damages are an intrinsic element of a breach of fiduciary duty claim, nominal damages cannot be awarded. Appellants argue that nominal damages may be awarded because the breach of a fiduciary duty is regarded as a substantial right and, therefore, "the law places a presumption of resulting damages in every instance." Additionally, Appellants assert that they should be allowed to recover emotional distress damages.

---

[6] Though we conclude today that Appellants did not prevail on their petition and did not receive any favorable decisions from the circuit court, Appellants arguably achieved "a settlement" based on Farmers' production of the claims file after the suit was filed. Thus, it would have been well within the court's *discretion* to require Farmers to reimburse Appellants for the cost of filing the lawsuit, because Appellants partially prevailed on the very issue necessitating the lawsuit -- Farmers' refusal to produce the entire claims file. That being said, under the circumstances of this case, we do not conclude that the circuit court's judgment was inequitable or unjust.

14

To establish a claim for breach of a fiduciary duty, a plaintiff must prove: (1) the existence of a fiduciary duty between the plaintiff and the defending party; (2) "'that the defending party breached the duty'"; and (3) "'that the breach caused the [plaintiff] to suffer harm.'" *W. Blue Print Co. v. Roberts*, 367 S.W.3d 7, 15 (Mo. banc 2012) (citation omitted). Thus, harm or damages caused by the breach is an essential element of a breach of fiduciary duty claim. See *id.* See also *Costa v. Allen*, 274 S.W.3d 461, 462 (Mo. banc 2008); *Klemme v. Best*, 941 S.W.2d 493, 496 (Mo. banc 1997); *Consol. Grain & Barge, Co. v. Hobbs*, 397 S.W.3d 467, 476 (Mo. App. 2013).

In their response to Farmers' summary judgment motion, Appellants did not assert that they suffered any pecuniary harm or damages from Farmers' failure to produce the claims file. In fact, Appellants admitted that Edmundson settled her claim against Oliver and received full compensation for all of her damages related to the accident, and they admitted that Henry was not involved in the accident, did not have an ownership interest in the vehicle, and was not a party to the lawsuit against Oliver.

Rather than assert that they suffered any pecuniary harm or damages, Appellants argued that they had the right to nominal damages in recognition of Farmers' alleged breach.[7] "The general theory of nominal damages is that they should be allowed where a legal right has been invaded but no actual damages were suffered or proven." *Tindall v. Holder*, 892 S.W.2d 314, 321 (Mo. App. 1994). As the court in *Tindall* explained, the principle of nominal damages "developed from the common law action for trespass for violence to person or property." *Id.* In those types of cases,

---

[7] On appeal, Appellants argue, for the first time, that they satisfied the pecuniary loss requirement because they were forced to employ an attorney and file a lawsuit. Because they did not raise this argument in their response to Farmers' motion for summary judgment, they cannot raise it on appeal. See *Lyon Fin. Serv, Inc. v. Harris Cab Co.*, 303 S.W.3d 589, 591 (Mo. App. 2010).

15

harm or damages is not an element of the cause of action because "the law simply presumes that damages are allowed." *Id.* Thus, nominal damages may be awarded in such tort actions as nuisance, *Burg v. Dampier*, 346 S.W.3d 343, 358 (Mo. App. 2011); trespass, *Sterbenz v. Kansas City Power & Light Co.*, 333 S.W.3d 1, 8 n.7 (Mo. App. 2010); ejectment, *Smith v. McClard*, 439 S.W.2d 246, 251 (Mo. App. 1969); false arrest, *Blue v. Harrah's North Kansas City, LLC*, 170 S.W.3d 466, 475 (Mo. App. 2005); and assault and battery, *A.R.B. v. Elkin*, 98 S.W.3d 99, 104 (Mo. App. 2003).

Where pecuniary damage is an element of the tort cause of action, however, nominal damages cannot be presumed. *Tindall*, 892 S.W.2d at 321. The court in *Tindall* discussed the reason for this distinction:

> "As the law of torts expanded by means of the action on the case to cover wrongs not characterized by violence and breach of the peace but by fraud, deceit, inattention, carelessness, and the like, more emphasis was placed upon the plaintiff's loss, and in certain of the wrongs which came to be remedied by actions on the case it was established that a vital and necessary element of the plaintiff's case was a showing of actual loss or detriment to him flowing from defendant's wrongful conduct."

*Id.* (quoting C. MCCORMICK, HANDBOOK ON THE LAW OF DAMAGES § 22 (1935)). "In Missouri, pecuniary loss is an intrinsic element of an action sounding in fraud or deceit[.]" *Id.* Hence, "'[p]roof of substantial injury and damage is essential to recovery in an action for fraud and deceit.'" *Id.* (quoting *Dolan v. Rabenberg*, 231 S.W.2d 150, 155 (Mo. 1950)).

"A breach of a fiduciary obligation is constructive fraud." *Klemme,* 941 S.W.2d at 495. Because breach of a fiduciary duty is constructive fraud, it is an "action sounding in fraud or deceit." Like an actual fraud claim, a breach of fiduciary duty/constructive fraud claim is not "characterized by violence or breach of the peace" and does not

16

involve "trespass for violence to person or property." See *Tindall*, 892 S.W.2d at 321. Pecuniary damage is, therefore, an intrinsic element of a breach of fiduciary duty claim and is essential to recovery. The circuit court properly determined that nominal damages could not be awarded to Appellants on their breach of fiduciary duty claim.[8]

Appellants next assert that they should be allowed to proceed on their claim for emotional distress damages. In *Bass v. Nooney Co.*, 646 S.W.2d 765, 772-73 (Mo. banc 1983), the Missouri Supreme Court held that a plaintiff in a negligent infliction of emotional distress case, where the emotional distress is unaccompanied by physical injury, can recover so long as: "(1) the defendant should have realized that his conduct involved an unreasonable risk of causing the distress; and (2) the emotional distress or mental injury must be medically diagnosable and must be of sufficient severity so as to be medically significant." (Footnote omitted.) Thereafter, in *Fetick v. Am. Cyanamid Co.*, 38 S.W.3d 415, 419 (Mo. banc 2001), the Missouri Supreme Court held that, to be compensable as damages for willful fraud, emotional distress must meet *Bass*'s requirement of being "medically diagnosable and significant."

Appellants do not dispute that they cannot meet this requirement. They admit that they sought no treatment for their emotional distress and that evidence of their emotional distress consisted only of their deposition testimony that they were "very frustrated," "upset," and "mad" over Farmers' conduct. Similar evidence was deemed insufficient to support a claim for emotional distress damages in *Fetick*, 38 S.W.3d at 419 (plaintiff testified to untreated "distress" and "stress").

---

[8] Although Appellants did not suffer any pecuniary damages in this case, we can conceive of similar situations where insureds could incur such damages. Consequently, insurers should not read today's ruling as precedent promoting the refusal to comply with the Supreme Court's mandate in *Grewell I*. In a case where the insured suffers pecuniary damages from the insurer's failure to produce the claims file upon request, the result might well be different from today's ruling.

17

Nevertheless, Appellants argue that *Fetick* does not apply here because *Fetick* addressed the compensability of emotional distress damages in only actual fraud cases and, therefore, it does not apply to breach of fiduciary claims, which involve constructive fraud. We disagree. Courts have excused plaintiffs from the *Bass* requirements for causes of action such as assault and battery, where "actual injury or damages is not a required element of proof" and emotional damages "occur as a necessary and natural consequence of the tortious conduct." *A.R.B.*, 98 S.W.3d at 104. In those cases, the tortfeasor unquestionably should have realized that the assault and battery involved an unreasonable risk of causing emotional distress, and the law presumes damage from the nature of the conduct. See *id.* In contrast, claims such as fraud, even if willful and malicious, do not intrinsically involve an unreasonable risk of causing emotional harm, and the law requires proof of actual damages as an element of the cause of action. See *id.*; *Fetick*, 38 S.W.3d at 418 (noting that "[f]ailing to establish damages defeats a fraud claim").

As we found *supra*, a breach of fiduciary duty/constructive fraud claim, like an actual fraud claim, requires proof of harm or damages as a necessary element of the cause of action. See *Hobbs*, 397 S.W.3d at 476 (stating that "fraud, whether actual or constructive based on a breach of a fiduciary duty, requires an injury caused by the fraud to be actionable"). Moreover, unlike an assault and battery case, emotional damages are not a "necessary and natural consequence" of a breach of a fiduciary duty. See *A.R.B.*, 98 S.W.3d at 104. The law does not presume that every breach of fiduciary duty will necessarily cause damage, let alone emotional damage. We find no reason why the *Fetick* standard for emotional distress damages in a willful fraud case

18

would not apply to emotional distress damages in a breach of fiduciary duty/constructive fraud case.

Appellants failed to offer any evidence indicating that their emotional distress was medically diagnosable and significant. As they offered no other evidence of the necessary element of harm or damages resulting from Farmers' alleged breach, their breach of fiduciary duty claim fails as a matter of law. The circuit court properly granted summary judgment in favor of Farmers on Appellants' breach of fiduciary claim. Point I is denied. [9]

## CONCLUSION

We affirm the circuit court's judgment.

_____

**LISA WHITE HARDWICK, JUDGE**

**ALL CONCUR.**

---

[9] Because we find that Appellants failed to establish any recoverable damages, we need not address their claim in Point V that the court erred in finding that Farmers had no duty to train its agents regarding Missouri case law. Likewise, we need not address Appellants' claim in Point IV that the court erred in denying their motion for partial summary judgment on Count II (attorney's fees) and Count III (breach of fiduciary duty), as we have found that those claims fail as a matter of law.